**CITIZENS GAS & COKE UTILITY, Appellant,**

v.

**AMERICAN ECONOMY INSURANCE CO., Appellee.**

No. 2–1084A301.*

Court of Appeals of Indiana, First District.

April 30, 1985.

Rehearing Denied May 29, 1985.

---

* Transferred to First District by order of Chief Judge Buchanan.

Harry V. Huffman, Terrence F. Peak, Indianapolis, for appellant.

Donn H. Wray, Stewart Irwin Gilliom Meyer & Guthrie, Indianapolis, for appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Citizens Gas & Coke Utility (Citizens Gas) appeals the trial court's judgment, on stipulated facts, in favor of American Economy Insurance Company (American Economy) for $12,077.33 plus prejudgment interest. We affirm.

## FACTS

On April 8, 1972, Citizens Gas sold a water heater to Mr. and Mrs. George Barnes and installed it in their residence. The replacement water heater included a pressure relief valve (also known as a T and P valve). The Uniform Plumbing Code required that a drain be constructed near the valve and extend to the outside of the building. The obvious purpose of the drain was to disperse water which might leak out of the valve under three different circumstances. Water would be released from the valve if the water heater overheated, if it over-pressured, or if the relief valve malfunctioned.

While installing the water heater, Citizens Gas explained the requirement of a drain to Mr. and Mrs. Barnes. The cost of installing the drain was estimated to ex-

ceed the cost of the water heater itself. Although Citizens Gas fully explained the potential danger to the contents of the house without the drain, Mrs. Barnes specifically told Citizens Gas to install the water heater without the drain. In response, Citizens Gas required Mrs. Barnes to execute a waiver by writing on the service contract that she assumed the cost of all damage caused if the valve malfunctioned. Although Citizens Gas stipulated that their installation of the water heater was in violation of the code, it was also stipulated that such a violation did not pose any threat of personal injury.

Some years later Mr. and Mrs. Barnes sold their home to John and Mary Atkins. In July of 1979, the Atkins were away from their home when the T and P valve, in fact, malfunctioned. As a result the single story concrete slab residence was flooded causing substantial damage to personal property and structural damage. The Atkins filed a claim under their home owner's insurance policy with American Economy. This claim was settled when American Economy paid $12,077.33 to the Atkins.[1] On July 28, 1980, American Economy filed their subrogation claim to recover the amount it paid its insured. The complaint alleged Citizens Gas, as a contractor, negligently installed the water heater in violation of the plumbing code. The parties stipulated to the pertinent facts and the trial court entered judgment against Citizens Gas for $12,077.33 plus prejudgment interest. Citizens Gas now appeals.

## ISSUES

1. Is a Contractor liable in tort to third parties for non-inherently dangerous property damages at a job site after acceptance of the work by the owner?

2. Is prejudgment interest allowable under the parties' Agreed Statement of Facts?

1. This amount included the loss sustained from the property and structural damage and relocation and living expenses incurred during repair and replacement.

## DISCUSSION AND DECISION

Issue One

■ At the outset we note that the parties have significantly narrowed the question on appeal. Citizens Gas does not challenge the lower court's determination of negligence. Instead, it raises only the issue of whether lack of privity shields it from liability. Furthermore, this action was tried on stipulated facts. Thus, no presumptions are indulged in favor of the trial court as we are in as good a position as the trial judge in applying the facts to our determination of the privity issue. *General Asbestos & Supply Co. v. Aetna Casualty & Surety Co.* (1935), 101 Ind. App. 207, 212, 198 N.E. 813, 815.

■ Although the present case involves a contractor-owner relationship a discussion of recent cases concerning privity in the products liability area is useful. Traditionally privity has been a barrier to suits against remote contractors and remote sellers of products. *Hiatt v. Brown* (1981), Ind.App., 422 N.E.2d 736, 739, *trans. denied.* In the products liability area, requirements of privity have been abolished under certain circumstances. In *Lane v. Barringer* (1980), Ind.App., 407 N.E.2d 1173, 1175, *trans. denied,* the court stated: "Clearly, privity of contract is no longer required if a personal injury action for a defective product sounds in tort; either in negligence theory or on the theory of strict liability in tort." *See J.I. Case v. Sandefur* (1964), 245 Ind. 213, 197 N.E.2d 519; *see also* Indiana Code section 34-4-20A-3(a) (Burns Supp.1984). However, privity is still a substantial barrier in warranty actions. *Lane* at 1175; *contra Lane* at 1176 (Ratliff, J., dissenting).[2] The rationale for retaining privity in warranty actions is due to the fact that privity and warranty are both contractual concepts. *Lane* at 1175.

2. The dissent would abolish requirement of vertical privity in such cases, but concurred in result because the horizontal privity requirements of the Indiana version of the Uniform Commercial Code were not met.

Retention of privity in suits to recover economic loss is even more compelling since such a remedy is deeply rooted in contract principles.

"Generally privity extends to the parties to the contract of sale. It relates to the bargained for expectations of the buyer and seller. Accordingly, when the cause of action arises out of economic loss related to the loss of the bargain or profits and consequential damages related thereto, the bargained for expectations of buyer and seller are relevant and privity between them is still required. [Citations omitted.]"

*Richards v. Goerg Boat & Motors, Inc.* (1979), Ind.App., 384 N.E.2d 1084, 1092, *trans. denied.* The trend in products liability actions seems to be to retain the privity barrier in actions akin to contract suits, and dispense with privity in suits akin to tort actions.

■ As in the area of products liability, plaintiffs not in privity with a contractor may not sue for negligent performance of services. *Hiatt* at 739. However, just as in the area of products liability, exceptions to the requirement of contractor-owner privity have developed. In *Hiatt,* an architect was sued for negligence in the design and construction of a vehicular/pedestrian ramp at an airport from which the plaintiff fell. The court held the architect liable fitting the case into an existing privity exception. "[P]rivity was no bar if at the time the owner accepted the work the contractor knew it was in a condition dangerously defective, *Travis v. Rochester Bridge Co.* (1918), 188 Ind. 79, 122 N.E.2d [sic] 1, or if the work as completed was inherently dangerous or imminently dangerous. *Holland Furnace Co. v. Nauracaj,* (1938) 105 Ind.App. 574, 14 N.E.2d 339." *Hiatt* at 739. However, in *Essex v. Ryan* (1983), Ind.App., 446 N.E.2d 368, the court was given the opportunity to abolish completely the privity requirement in contractor negligence actions but declined to do so. Ryan negligently performed a survey in 1955 on land subsequently purchased by the Essexes. The inaccuracy of the survey was con-

firmed years later when an adjacent landowner succeeded in a suit against the Essexes to quiet title. The Essexes sued Ryan for negligence to recover their economic loss. The court held, that despite the diminution of the privity barrier in recent cases, the Essexes' action was precluded because they were not in privity with Ryan. *Essex* at 371-73. After reviewing a number of cases concerning the privity issue, the court concluded that because Ryan's negligent survey did not pose the threat of personal injury, privity remained a barrier and the Essexes could not recover their economic loss. *Id.*

The present case falls somewhere between *Hiatt* and *Essex.* Although the defective installation of the water heater did not pose a safety hazard, the injury sustained was not merely economic loss. Rather, the failure to install the water heater according to code resulted in extensive property damage; the precise reason Citizens Gas urged their privies to allow installation of the drain. Citizens Gas argues that because no risk of personal injury existed, *Essex* supports reversal. However, in adopting this reasoning we would have to draw a distinction between a contractor negligently creating a risk of imminent personal injury and creating an imminent danger of property damage. Such a distinction would make it very easy for a plaintiff to sue a remote contractor to recover medical costs and almost impossible for a plaintiff to recover the cost of repairing property damage caused by a remote contractor's negligence. Despite the persuasiveness of the appellant's argument, we believe the privity line is better drawn by distinguishing suits to recover economic loss from actions to recover for either personal injury *or* property damage.

Our conclusion is based mainly on the premise that recovery for injury to person or injury to property are on the same footing. Both injuries are tortious in nature. 27 I.L.E. *Torts* § 6 (1960). We discern no difference between suing to be compensated for personal injury or damage to property. In *Hiatt* the court noted that the archi-

tect's negligence posed a threat of injury to both property and person. *Hiatt* at 740. Furthermore, in the area of strict tort liability, our legislature's adoption of Indiana Code section 34-4-20A-3 (Burns Supp. 1984) abolished the privity barrier in actions for either damage to property or personal injury.[3]

▮ In contrast a discernable distinction exists between suits for economic loss and those of a more tortious nature. Actions for economic loss, such as *Essex*, are much more closely related to the contractual link between contractor and owner which was the traditional justification for the application of the contractual principle of privity. *Hiatt* at 739. A suit for economic loss of the value of the bargain is better restricted to the parties between whom the bargain was struck. *Cf. Richards* at 1092. When an individual is dissatisfied that he did not receive the value of what he paid for, the dispute should be left to the contracting parties. *Id.* Accordingly, because the present case is an action for property damage and not economic loss, the contractual principle of privity should not be a barrier.

Our holding is a logical extension of the exception applied in *Hiatt*. Because no reasonable distinction exists between personal injury and property damage caused by a contractor's negligence the privity exception which enabled the plaintiff in *Hiatt* to sue the architect applies with equal force in the present case. Citizens Gas knew that the installation of the water heater in violation of the code posed an imminent threat of damage to the property of the home's occupants and lack of privity will not shield it from liability.

*Issue Two*

▮ In the stipulated facts Citizens Gas agreed as to the amount paid by American Economy to its insureds. This amount was $12,077.33. In the judgment the trial judge awarded prejudgment interest from July 28, 1980; the date American Economy's complaint was filed. Citizens Gas contends the award of prejudgment interest was erroneous.

Citizens Gas first argues that, while the facts of the case were stipulated, neither party agreed that prejudgment interest was appropriate. Indiana law sets out the circumstances where prejudgment interest is to be awarded. "Interest is recoverable in actions in tort where the damages sought to be recovered are complete and ascertainable as of a particular time and in accordance with fixed rules of evidence and known standards of value. [Citations omitted.]" *Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1310, *trans. denied.* In the present case, the damages prayed for by American Economy was the amount it paid out to its insureds. The amount was, therefore, complete as of the date of the complaint. Clearly, the amount was ascertainable because Citizens Gas stipulated to it. The proper rate is eight percent as provided by statute. Indiana Code section 24-4.6-1-103. Since the elements of an award of prejudgment interest are present, the award by the trial judge was not only proper, it was required. *Id.* at 1312. Prejudgment interest was properly awarded.

Judgment affirmed.

ROBERTSON, J., concurs.

NEAL, J., dissents with separate opinion.

NEAL, Judge, dissenting.

I respectfully dissent for the following reasons. The holding here is an extension of the rule regarding privity. The existing exception of the abolishment of privity where personal injuries are concerned is

---

**3.** Indiana Code section 34-4-20A-3 (Burns Supp.1984) reads in pertinent part:

"(a) One who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer *or to his property* is subject to liability *for physical harm* caused by that product to the user or consumer *or to his property* if that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition.... [Emphasis supplied.]"

based in humanitarian principles. Fault in this case is traced directly to the Barnes, who requested the precise installation and even executed a release therefor. The manner of the installation was for their own benefit, and it was neither hidden, inherently dangerous, nor health- or life-threatening. Over seven years later, after the home was sold to others, the valve failed, causing damage. Responsibility, if any, for the damage rests with Barnes, not the protesting workman. No justifiable reason exists to extend the exception on the facts of this case.