**CITIZENS GAS & COKE UTILITY, Appellant,**

v.

**AMERICAN ECONOMY INSURANCE CO., Appellee.**

No. 1285S532.

Supreme Court of Indiana.

Dec. 30, 1985.

Harry V. Huffman, Terrence F. Peak, Indianapolis, for appellant.

Donn H. Wray, Stewart Irwin Gilliom Meyer & Guthrie, Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us' on a petition to transfer from the First District Court of Appeals. Petition is brought by Citizens Gas and Coke Utility, Defendant in the trial court and Appellant in the Court of Appeals. Petition for Transfer is granted and we vacate the opinion of the Court of Appeals, 477 N.E.2d 329, and reverse the trial court.

The cause was submitted to the trial court on stipulated facts that showed on April 8, 1972, Citizens Gas sold a water heater to Mr. and Mrs. George Barnes and installed it in their residence. The replacement water heater included a pressure relief valve also known as a T & P valve. The uniform plumbing code required that a drain be constructed near the valve and extend to the outside of the building. The obvious purpose of the drain was to disperse water which might leak out of the valve under three different circumstances. Water would be released from the valve if the water heater overheated, if it overpressured, or if the relief valve malfunctioned.

The Barnes residence was constructed on a concrete slab and there was no drain in the utility area in which the water heater was to be placed. In order to install such a drain, it would have been necessary to go through the concrete floor and the cost of such procedure was estimated to exceed the cost of the water heater itself. Before installing the water heater, Citizens Gas explained the need for and the requirement of such a drain to Mr. and Mrs. Barnes. It is not denied that a representative of Citizens Gas fully explained the potential danger to the contents of the house without the drain. Mrs. Barnes specifically told Citizens Gas to install the water heater without the drain. Citizens Gas then required Mrs. Barnes to execute a waiver by writing on the service contract that she assumed the cost of all damage caused if the valve malfunctioned. Mrs. Barnes did so. All of the parties stipulated that the installation of the water heater without the drain was in violation of the code but they also stipulated that such a violation did not pose any threat of personal injury.

Mr. and Mrs. Barnes sold their home to John and Mary Atkins. In July, 1979, the Atkins' were away from their home when the T & P valve malfunctioned and as a result the single story concrete slab residence was flooded, causing substantial damage to personal property and the structure. The Atkins' filed a claim under their homeowners insurance policy with American Economy. This claim was settled when American Economy paid $12,077.33 to the Atkins'. This amount included the loss sustained from the property and structural damage and relocation and living expenses incurred during repair and replacement. On July 28, 1980, American Economy filed their subrogation claim against Citizens Gas to recover the amount it paid its insured. The complaint alleged Citizens Gas as a contractor negligently installed the water heater in violation of the plumbing code. The trial court entered judgment in favor of American Economy and against Citizens Gas for $12,077.33 plus prejudgment interest.

■ Citizens Gas does not challenge the lower court's determination of negligence. It raises only the issue of whether lack of privity shields it from liability. Furthermore, as the Court of Appeals pointed out, this action was tried and facts were stipulated such that on review no presumptions arise in favor of the trial court. We are in as good a position as the trial judge in applying the facts to our determination of the privity issue. *General Asbestos and Supply Company v. Aetna Casualty and Surety Company* (1935), 101 Ind.App. 207, 198 N.E. 813. Furthermore, in view of our disposition the question of prejudgment interest allowed by the trial court is moot. Therefore, the only issue before us is that of privity.

■ The requirements of privity have been abolished by this Court and the Court of Appeals for products liability and contractor liability involving personal injury caused by a product or work in a condition that was dangerously defective, inherently dangerous or imminently dangerous such that it created a risk of imminent personal injury. In the instant case, the Court of Appeals sought to extend the abolition of privity where the negligence of the contractor created an imminent danger of property damage only. This conclusion does not comport with our logic in previous cases and we accordingly find the Court of Appeals in error on this issue.

This Court established a general rule in Indiana in *Daugherty v. Herzog* (1896) 145 Ind. 255, 44 N.E. 457, that a contractor or repairman is not liable for negligent damages to third parties after acceptance of the work by an owner. *Daugherty* did involve a case where a young girl was killed by the collapse of the wall of a building which allegedly was due to the negligent construction of the defendant. *Daugherty*, nonetheless, held there was no liability to third parties that had no privity with the contractor. *Daugherty* acknowledged, however, a class of cases, where the law imposes a duty to third persons, independent of the contract, as in sales of dangerous goods, poisonous drugs or explosive oils. *Daugherty*, 145 Ind. at 260, 44 N.E. at 458.

An exception to the general rule espoused in *Daugherty* was created in *Holland Furnace Company v. Nauracaj* (1938), 105 Ind.App. 574, 14 N.E.2d 339, *trans. den.*, where the work performed by the repairman or contractor was imminently dangerous to human life. *Holland Furnace* involved the placing of a furnace in a tenant house by Holland pursuant to a contract with one of the tenants. The furnace was installed on a wood platform in close proximity to wooden walls and in violation of building codes so as to create the hazard of fire which in fact did result. Action was brought by the owner of the building against the tenant and contractor. The Court of Appeals held that a structural contractor's liability to third persons may continue after he has turned over the work and it has been accepted by the owner where the work is so negligently defective as to be imminently dangerous to third persons. *J.I. Case v. Sandefur Co.* (1965), 245 Ind. 213, 197 N.E.2d 519 set out the exception to the need to show privity of contract in the case of products liability where a product that is imminently dangerous to the health and safety of members of the public is placed on the market by the manufacturer. This is true whether the action is brought on the theory of negligence or the theory of strict liability in tort. *See also Lane v. Barringer* (1980), Ind.App., 407 N.E.2d 1173, *trans. den.* The exception to the rule requiring privity was applied and extended by the Court of Appeals in *Hiatt v. Brown* (1981), Ind.App., 422 N.E.2d 736. Hiatt was seriously injured at the Indianapolis Airport when she was blown from a ramp by the jet blast from engines of a large aircraft. Defendant Eugene L. Brown was the architect who designed the ramp. It was charged that Brown did not follow ordinary standards of architectural practice in failing to study available information regarding the jet blast problem and designing the area so as to prevent such an occurrence. The Court of Appeals held in *Hiatt* that lack of privity between the architect and the injured third party would not bar the third party from suing the architect for his negligence if the architect's negligent design of the airport building allowed a jet blast to cause harm to those using the pedestrian ramp. A summary judgment entered by the trial court was accordingly set aside.

■ The reasoning behind all of these cases that has created the exception to the general requirement of privity is apparent and is based on humanitarian principles. One who sells a product or does construction work pursuant to a contract with the owner of a building or premises which presents imminent danger to the health and safety of not only the party he contracts with but to other members of the public, can be held liable for resulting injuries

even though the third party injured is not privy to the contract. It does not follow that the same exception would be applied where the risk is only that of property damage. In *Essex v. Ryan* (1983), Ind. App., 446 N.E.2d 368, 372, the Essexes sought to recover damages arising from a survey which Ryan had negligently performed for their predecessor in title in 1955. The Essexes claimed damages because of the deceased's professional incompetence and because they were assignees of their predecessors in interest. The Court of Appeals found, however, that the surveyor owed no duty to subsequent purchasers of property because he had no knowledge they would rely on his survey and because he was not in privity with them.

■ We agree with the dissenting opinion of Judge Neal in the instant cause wherein he found that the existing exception, abolishing privity where personal injuries are concerned, is based on humanitarian principles. No such humanitarian principle exists for the recovery of loss of property. Citizens Gas advised Barnes of the need for a drain in the area of the water heater. Barnes, however, requested the installation without the drain and, in fact, executed a release taking the responsibility for the risk of damage. We see no reason to extend the exception to the privity rule any further in this case or others not involving personal injury. The opinion of the Court of Appeals and the judgment of the trial court are vacated and the trial court is directed to enter judgment for the defendant.

GIVAN, C.J., and PRENTICE and SHEPARD, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The nature of the legal duty imposed on the gas company is a keystone of this case. It is not a duty arising from general principles of the common law or from a contract. It arises instead from a public law, a plumbing code. *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847.

The misconduct of the gas company in installing this water heater is not a failure to properly perform according to the terms of a contract or a warranty. The misconduct of the gas company is instead the failure to conform to the mandate of the plumbing code. *Prest-O-Lite Company v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365.

The purpose of the plumbing code is not just to protect persons like the Barneses who contracted with the gas company to install the water heater. The plumbing code has instead the broader goal of protecting persons such as the Atkinses who may later use the water heater and have property in its proximity.

The gas company stipulated to the existence of its public law duty, to its actual negligent conduct in violation of the duty, and to the consequent injury befalling the Atkinses. Liability in this case is based upon negligence. The contract between the Barneses and the gas company is merely incidental. Consequently the legal concept of privity is totally irrelevant. Judge Ryan's determination of liability, based as it is upon the stipulation, should be affirmed.