GENERAL ELECTRIC COMPANY, K-Mart Corporation, and John Doe Corporation d/b/a K–Mart, Appellants (Defendants Below),

v.

Charles F. DRAKE, Jr. and Hazel Drake, Appellees (Plaintiffs Below).

No. 07A01–8810–CV–337.

Court of Appeals of Indiana, First District.

March 14, 1989.

John N. Thompson, Peter G. Tamulonis, Thomas J. Jarzyniecki, Jr., Kightlinger & Gray, Indianapolis, for appellants.

John C. Trimble, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for appellees.

ROBERTSON, Judge.

General Electric Co., K–Mart Corp., and John Doe Corp. d/b/a K–Mart (collectively referred to as G.E.), take this interlocutory appeal from the denial of their motion for summary judgment.

We affirm, but remand with instructions to enter a partial summary judgment in favor of G.E.

The trial court certified two issues for review:

(1) whether the lack of privity between the plaintiffs and the defendants bars the plaintiffs' claims sounding in negligence and strict liability in tort; and,

(2) whether bystanders, who are not physically injured and who are not within the vicinity of the alleged defective product when it malfunctions, are barred from recovery under Indiana's Product Liability Act.

The facts relevant to this appeal can be briefly summarized. The plaintiffs, Hazel and Charles F. Drake, Jr. (Drakes) owned real property located at 649 Parkway Street, Whiteland, Indiana, which they leased to Lonnie and Joyce Marksberry. The Marksberrys purchased from K–Mart an electrical extension cord manufactured by G.E. which allegedly was defective and started a fire, damaging the leased premises owned by the Drakes. The Drakes did not sustain personal injury; they seek compensation only for damage to their property.

On appeal, we use the same standard as the trial court in determining the propriety of the grant or denial of summary judgment. *Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, 714. In assessing the propriety of summary judgment, we must determine whether the record establishes that no genuine issue of material fact exists and that the proponent is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). The burden of establishing the propriety of summary judgment rests with the movant. *Jones, supra.*

## I.

Relying upon the Indiana Supreme Court's decision in *Citizens Gas & Coke Utility v. American Economy Ins.* (1985), Ind., 486 N.E.2d 998, G.E. maintains that the absence of privity bars the Drakes' property damage claims regardless of whether the Drakes proceed upon a negligence or strict liability theory, entitling it to judgment as a matter of law. *Citizens Gas* holds that one who brings a negligence action seeking compensation for damage to property must demonstrate he is in privity of contract with the defendant. The Drakes concede that their negligence claim is barred but dispute the applicability of *Citizens Gas* to their strict liability claim.[1] They point out that *Citizens Gas* did not involve negligence in the sale of defective goods but the theory was one of negligent *installation*. We agree with the Drakes and the trial court that the rule annunciated in *Citizens Gas* does not govern the Drakes' strict liability claim advanced here.

As the Drakes argue, the *Citizens Gas* decision is distinguishable. Citizens Gas sold and installed a water heater for the Barnes. The water heater utilized a pressure relief valve which released water if the water heater overheated, overpressured, or malfunctioned. At the time, the uniform plumbing code required the construction of a drain near the valve, extending outside the residence. When it appeared that the cost of installing such a drain would exceed the cost of the water heater itself, the Barnes instructed Citizens Gas to install the water heater without a drain. Several years later, after the property had been sold, the valve released water, flooding the residence and damaging the structure and personal property of the homeowners. American Economy Insurance, which paid the claims of the homeowners, brought an action against Citizens Gas alleging Citizens Gas, as contractor, negligently installed the water heater in violation of the plumbing code. 486 N.E.2d at 999. It sought compensation for property damage only. Noting that exceptions to

the requirement of privity in actions involving personal injury were premised upon humanitarian policies, the court refused to abrogate the privity requirement when compensation was sought only for damage to property.

We acknowledge that in *Citizens Gas* as here the sole issue before the court was whether an absence of privity of contract shielded Citizens Gas from liability. There, however, resolution of the issue depended upon the common law and not the Product Liability Act because American Economy alleged, not a defective water heater, but the negligent installation of an otherwise sound water heater. The court in *Citizens Gas* therefore had no reason to consider the applicability of the Product Liability Act and did not do so.

We need not concern ourselves here with the applicability of *Citizens Gas* to a claim of negligence in the design, manufacture or sale of a defective product resulting in damage to property, as the Drakes have withdrawn that issue from our consideration. We note however that the *Citizens Gas* court reasoned, at least in part, from a line of cases involving defective products which ultimately evolved into Indiana's common law doctrine of strict product liability. While at one point in time, we might have been persuaded that the *Citizens Gas* rule extended to actions premised upon a strict liability theory, in 1983 the legislature made significant changes to the 1978 Product Liability Act, constricting the applicability of common law negligence rules. First, the General Assembly limited the coverage of the Act to actions in which the theory of liability was strict liability in tort, removing negligence and its concomitant interpretive case law from the purview of the Act. *Cf.*, IND.CODE 33-1-1.5-1 (1983 Supp.) with I.C. 33-1-1.5-1 (1978 Supp.). Second, the legislature deleted that portion of section three of the Act which provided that the Act was a codification and restatement of the common law. *Cf.*, I.C. 33-1-1.-

---

**1.** We note the Drakes filed a two-count amended complaint against G.E., the first count sounding in strict liability, the second in negligence.

5–3 (1983 Supp.) with I.C. 33–1–1.5–3 (1978 Supp.).

Accordingly, we believe the applicability of *Citizens Gas* is confined to the facts of that case. We turn to the legislative enactment governing strict product liability claims for guidance.

G.E. does not refute the Drakes' argument that I.C. 33–1–1.5–3(b)(2) obviates the need to show privity. On its face, the section does not admit of any other interpretation.[2] We agree with the Drakes that the apparent intent of the legislature was to remove the privity bar. *Cf., also,* Restatement (Second) of Torts § 402A (1965) and *id.,* comment 1. Accordingly, we conclude that the trial court did not err as a matter of law in denying G.E.'s motion for summary judgment on this basis.

## II.

G.E. maintains that it is entitled to judgment as a matter of law because the Drakes are not users or consumers as defined by the Product Liability Act, I.C. 33–1–1.5–1 *et seq.* According to G.E., the language of the definition "user or consumer" limits the class of bystanders who can state a cause of action to those who suffer personal injury *and* who would reasonably be expected to be within the vicinity of the product during its reasonably expected use. Therefore, the Drakes, who sustained only property damage, lack standing to maintain an action based upon a strict liability theory.

The Drakes argue that G.E.'s reading of "user or consumer" isolates the definition from the rest of the Act, which unmistakably manifests a legislative intent to permit any user or consumer to recover for property damage. The Drakes assert they need only show their property was in the vicinity of the defective product to come within the purview of the Act.

I.C. 33–1–1.5–3 provides in pertinent part:

(a) One who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to his property is subject to liability for physical harm caused by that product to the user or consumer or to his property ...

"Physical harm" means bodily injury ... as well as sudden, major damage to property....

I.C. 33–1–1.5–2.

We agree the Act as a whole evinces a legislative intent to permit any "user or consumer" to recover for physical harm to property without suggesting distinctions among the types of users or consumers or types of physical harm. In this respect, the Act is consistent with the Restatement version of strict liability in tort, *see Restatement* (Second) of Torts § 402A (1965), and at least one of the rationales favoring strict liability generally. A tort action traditionally presupposes that the plaintiff has been exposed to an unreasonable risk of harm to his person or property. Physical injury to property is so akin to personal injury that there is no logical reason for distinguishing between them, *Seely v. White Motor Company* (1965), 63 Cal.2d 9, 403 P.2d 145, 152, 45 Cal.Rptr. 17, 24 citing W. Prosser, The Assault Upon the Citadel, 69 Yale L.J. 1099, 1143 (1960); society's interest in discouraging the marketing of defective products and in spreading the cost of injury is the same in either case. Consequently, when a product causes damage to property under circumstances in which the absence of personal injury is merely fortuitous, such as when an object explodes but does not inflict personal injuries on anyone, the imposition of tort liability on a manufacturer is justified.

However, while the Act expressly permits a cause of action for physical injury to property, it does so only with respect to a proper plaintiff, i.e. "any user or consumer." The critical question is therefore

---

**2.** I.C. 33–1–1.5–3(b)(2) provides:
(b) The rule stated in subsection (a) [when strict liability in tort will be imposed] applies although: ...

(2) the user or consumer has not bought the product or entered into any contractual relation with the seller....

whether the Drakes are users or consumers as defined by the Act.

"User or consumer" means

a purchaser,

any individual who uses or consumes the product, or

any other person who, while acting for or on behalf of the injured party was in possession and control of the product in question, or

any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use.

I.C. 33–1–1.5–2. The parties agree that if the Drakes are users or consumers at all, they are within the group of plaintiffs referred to as "bystanders." Hence, we direct our analysis to those bystanders identified by the Act.

We note the legislature sought to limit bystander recovery by restricting that class of plaintiffs to those "injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." G.E. advances what we perceive to be two distinct arguments with respect to this limitation. First, it argues the restriction imposes dual requirements on a bystander plaintiff: that he sustain personal injury *and* that he be within the vicinity of the product at the time of the malfunction or injury producing event. Later, in its reply brief, G.E. acknowledges that limiting bystander recovery to situations where a bystander has at least been *exposed* to bodily injury would be consistent with Indiana case law pre-dating the Act. We are not convinced the language of the Act dictates either interpretation, although admittedly the latter is reasonably plausible.

■ A "user or consumer" means "any bystander *injured* by the product." As we noted earlier, tort law has traditionally protected interests in both persons and property. *See*, W. Prosser, Prosser and Keeton on the Law of Torts § 6 (W. Keeton 5th ed.1984). Given the breadth of the class of users or consumers permitted to recover, *see Whittaker v. Federal Cartridge Corp.* (1984), Ind.App., 466 N.E.2d 480, 483,

*trans. dismissed,* we think it unlikely the legislature moved to a more restrictive meaning of injury than that traditionally employed in tort law. Rather, the provision can sensibly be construed to refer to physical injury of both types. Such a construction would be consistent with the Act as a whole which, as we have pointed out, expressly allows recovery for property damage. We conclude, then, that the legislature did not intend to impose as a condition of standing, that a bystander sustain bodily injury.

■ We turn then to the latter part of the restriction applied to bystanders. The Drakes contend that despite the legislature's use of the word "who" to introduce the relative clause, a plaintiff seeking recovery for property damage meets the definition's requirements by showing that its property was within the vicinity of the product when the defective product was used.

In our view, the Drakes' construction, like G.E.'s, stops short of what we believe to be true legislative intent. The parties' focus on the word "vicinity" has caused them to miss what we find to be critical, and what the trial court correctly recognized as creating a question of fact—the language of foreseeability. The qualification for recovery is not that the bystander or his property be present when the accident occurred, because clearly such an occurrence is not uncommon for plaintiffs generally; instead, it is that the bystander be one "who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." Whether the Drakes as the Marksberrys' lessors could reasonably be expected to be within the vicinity of the product during its reasonably expected use is typical of the kind of question left for jury resolution. Again, since the class of users or consumers is not limited to purchasers, but includes family members, employees, guests, and donees, *see, Whittaker, supra* at 483 citing Restatement § 402A, comment 1, a jury might also find that a lessor is one who could reasonably be expected to be within the vicinity of a particular product pos-

sessed by its lessee during the product's reasonably expected use.

The virtues of this interpretation are evident. For one, this construction retains the balance of the competing interests of consumer and industry struck by the legislature for both types of physical injury. As in situations where personal injuries are sustained, not all bystanders who suffer injury to property will have claims which are actionable. This construction also furthers the goal apparent in other parts of the Act of ensuring that the law of products liability in Indiana is not one of absolute liability, rendering manufacturers insurers of their products. *See, Whittaker, supra.* Finally, we reiterate that the doctrine of strict liability imposes responsibility on a manufacturer who places products in the stream of commerce for situations he creates involving unreasonable risks of harm. *See,* I.C. 33–1–1.5–3 and I.C. 33–1–1.5–2 ("unreasonably dangerous"). The focus of the standing inquiry should therefore be on the risks of harm to which a bystander has been subjected, not on seeming distinctions between types of injury or classes.

For these reasons, we conclude that the trial court correctly determined that the question whether the Drakes were users or consumers was one appropriate for the jury. Hence, the trial court properly denied summary judgment on this issue as well. However, inasmuch as the Drakes have conceded summary judgment should have been granted G.E. on the negligence count, we remand to the trial court with instructions to enter a partial summary judgment in favor of G.E. In all other respects, the trial court is affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.