Roger W. KEITH and Theresa Keith,
Appellants (Plaintiffs Below),

v.

VAN HOY, INC., Appellee
(Defendant Below).

No. 47A04–9504–CV–139.

Court of Appeals of Indiana.

Oct. 25, 1995.

Bruce A. Mactavish, Pardieck, Gill & Vargo, Seymour, for appellants.

Shannon L. Robinson, William H. Kelley, Kelley, Belcher & Brown, P.C., Bloomington, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Roger and Theresa Keith appeal the trial court's grant of summary judgment in favor of Van Hoy, Inc. We affirm.

### ISSUE

Whether the trial court erred in granting Van Hoy's summary judgment motion.

### FACTS

Foamcraft, Inc., in Mitchell, Indiana, manufactures foam products. A crusher is a machine which crushes foam materials to make them softer. A crusher is similar to an "old wringer on an old washing machine." Keith's Brief, p. 3. The crusher has two rollers, and the crusher only runs one way. Thus, if material needs to be crushed several times, operators have to pick up the foam as it comes out of the crusher, carry it to the other side, and run it back through as many times as necessary. There is a guard on the crusher which protects the operator's hands.

In early April, 1990, Foamcraft requested that Van Hoy, Inc.,[1] rewire Foamcraft's crusher so that the crusher would run both ways. Foamcraft had contracted with Van Hoy to do electrical work numerous times in the past. Van Hoy's electrician Kenny Isom rewired the crusher so that foam could be run through it from both sides. The new side did not have a guard which protected the operator's hands, and Foamcraft did not ask Isom to install one. After he had com-

---

1. Van Hoy, Inc., provides electrical, heating, cooling and refrigeration services.

pleted the work, Isom showed Foamcraft Manager Dave Fisher how the crusher operated and the different ways to stop it. Fisher approved the work, and Isom left. Van Hoy never received any complaints about the crusher's rewiring.

One and one-half years later, in October 1991, Foamcraft employee Roger Keith was feeding the machine foam from the side without a guard when his fingers became tangled in the machine's rollers, and he was injured. In August 1993, Keith and his wife, Theresa, filed a personal injury action against Van Hoy. Van Hoy filed a summary judgment motion which the trial court granted. The Keiths now appeal the trial court's grant of summary judgment in favor of Van Hoy.

### DECISION

Summary judgment is an appropriate disposition if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hermann v. Yater* (1994), Ind.App., 631 N.E.2d 511, 513, *reh'g denied.* If the moving party meets these two requirements, the burden shifts to the non-movant to set forth specifically designated facts that there is a genuine issue for trial. T.R. 56(E); *Id.* On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.*

Both Keith and Van Hoy acknowledge the general rule that once an employer accepts an independent contractor's work, the contractor is not liable for injuries to third persons. *See Lynn v. Hart* (1991), Ind.App., 565 N.E.2d 1162. However, Keith contends that the facts of his case fall within the following exception to the general rule:

an independent contractor remains liable to third persons, even after work has been completed and accepted, where personal injury is caused by work which was left 'in a condition that was dangerously defective, inherently dangerous or imminently dangerous such that it created a risk of imminent personal injury.'

*Snider v. Bob Heinlin Concrete Construction, Co.* (1987), Ind.App., 506 N.E.2d 77, 81, *reh'g denied., trans. denied,* (quoting *Citizens Gas and Coke Utility v. American Economy Insurance Co.* (1985), Ind., 486 N.E.2d 998, 1000). According to Keith, "Van Hoy, Inc. . . . . created an imminently and inherently dangerous condition in its rewiring of the crusher." Keith's Brief, p. 10.

In support of his contention, Keith directs us to *National Steel Erection v. Hinkle* (1989), Ind.App., 541 N.E.2d 288, wherein roofing contractor National Steel roofed a storage shed for Alumax, a recycling plant. Alumax provided the materials. National used a two-foot overlap at every other roof purlin, which was double the customary one foot overlap used on a roof of this kind. Further, the roofing material was too thin. Hinkle was repairing a leak when he fell through the roof and sustained severe injuries. Hinkle filed a personal injury action against National, and a jury returned a verdict in his favor. On appeal, National argued that: 1) the trial court erred in instructing the jury, 2) the verdict was not supported by sufficient evidence to prove the roof was inherently or imminently dangerous and was contrary to law, and 3) the trial court erred in denying its summary judgment motion. Although we reversed and remanded on the basis of improper instructions, we had to consider National's contentions that the verdict was contrary to law and not supported by sufficient evidence, and that the trial court erred in denying its summary judgment motion. Our review of the record revealed that "there was evidence—that the excessive overlap caused the roof to deteriorate more quickly and that the metal sheets used for the roof were too thin and subject to corrosion—from which the jury could have found that the roof was imminently dangerous." *Id.* at 293. Further, we found that the trial court did not err in denying National's summary judgment motion because there

were facts in dispute concerning the strength of the roofing material.

The only analogy between the facts before us and those in *National* would be that had National not roofed the shed, there would have been no roof for Hinkle to fall through; and had Van Hoy not rewired the crusher, Keith could not have inserted the foam as he did. More appropriate to our analysis, however, is the fact that in *National,* Hinkle was injured by the condition of the roof, work which National left "in a condition that was dangerously defective, inherently dangerous or imminently dangerous such that it created a risk of imminent personal injury." *Citizen's Gas, supra.* Here, Keith was not injured by Van Hoy's electrical work. Rather, he was injured as he was feeding foam into the crusher from the side without a guard.

Further, we agree with Van Hoy that the facts of this case are more analogous to those in *Snider v. Bob Heinlin Concrete Construction Co.* (1987), Ind.App., 506 N.E.2d 77. In *Snider,* the Hatfields employed an engineer in 1980–81 to draw plans for the Regency Apartment Complex, including a swimming pool. The required public entities approved the plan, and the Hatfields employed Heinlin to build the swimming pool. Though following the engineer's basic design, the Hatfields specifically authorized Heinlin to build the pool from a package which provided for fiberglass rather than concrete walls. The contract did not require Heinlin to provide a flow meter, automatic chemical treatment units, a deck around the pool, depth markers, pool warnings or diving warning signs. Heinlin's contract was to install the kit, and Heinlin's job was finished after it was in place. Heinlin gave no instructions as to the operation of the pool, except telling Hatfield employees how to operate the pump, filter and backwash system.

On August 2, 1983, Donnie Ray Snider visited his girlfriend Tammi at the Regency complex. Snider had been swimming at the apartment complex throughout the summer. Snider did a swan dive into the pool and hit something, causing a severe spinal injury. Snider brought a personal injury action against Heinlin. Snider deposed his expert witness, Eric Mood, Ph.D., who listed the following deficiencies in the pool:

a) no automatic chemical feed units,

b) no flow meter,

c) pressure gauge difficult to read,

d) lack of records regarding chemical use,

e) no adequate chemical test unit,

f) safety ledge not visible in murky water, and

g) no warning signs or depth markers.

Heinlin moved for summary judgment, arguing that he was an independent contractor whose work had been accepted by the contractor, thus, relieving him of liability for injuries to third persons. The trial court agreed and granted his motion. On appeal, Snider argued that Heinlin was liable for his injuries because Heinlin's work was left in an inherently and imminently dangerous condition, and caused Snider's injury. Our review of the record revealed that the equipment which Heinlin installed functioned at the time of installation, and that Snider's accident occurred two years after Heinlin had installed the pool. We found that "any danger which may have presented itself was within the sole control of the Hatfields, the managers of the pool." *Id.* at 82. We further noted that "one who lacks possession and control of property, such as Heinlin, should not be held liable for injuries he is no longer in a position to prevent." *Id.* Accordingly, we affirmed the trial court.

Here, Foamcraft employed Van Hoy to rewire the crusher. As in *Snider,* Van Hoy provided that which the hiring party directed it to provide. Foamcraft did not ask Van Hoy to install an additional safety guard. Van Hoy's job was finished after it completed the rewiring. Van Hoy gave no instructions as to the operation of the crusher, except telling Foamcraft how the crusher operated with the new wiring and the different ways to stop it. Further, the crusher functioned at the time of rewiring, there were never any complaints about the rewiring, and Keith's accident occurred a year and one-half after Van Hoy rewired the crusher. Any danger which may have presented itself was in Foamcraft's sole control. The trial court did

not err in granting Van Hoy's summary judgment motion.

Affirmed.

BARTEAU, J., concurs.

CHEZEM, J., concurs in result.