**JORDAN DEMOLITION CORP.,**
**Appellant–Defendant,**

v.

**Argyle G. JACKSON and Erwilli M. Jackson, Appellees–Plaintiffs.**

**No. 49A04–9505–CV–161.**

Court of Appeals of Indiana.

Nov. 17, 1995.

---

H. Kim Tekolste, Indianapolis, for appellant.

Robert A. Claycombe, Kothe Claycombe Kortepeter & McPherson, Indianapolis, for appellees.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Appellant–Defendant, Jordan Demolition Corporation ("Jordan"), appeals the trial court's order denying its motion for summary judgment in an action brought by appellees-plaintiffs, Argyle and Erwilli Jackson ("Jacksons"). We affirm in part and reverse in part.

*Issues*

Jordan presents two issues for review:

I. Whether a genuine issue of material fact existed as to Robert Jordan's state of mind; and

II. Whether Jordan owed a duty to Jacksons to perform its services for the City of Indianapolis in a workmanlike manner.

*Facts and Procedural History*

The facts most favorable to the non-movants, Jacksons, are that in 1988, Jordan demolished ten buildings owned by the City of Indianapolis and located at 3333 Massachusetts Avenue. In 1990, Jacksons purchased the land upon which the buildings had been located. While preparing the site for devel-

opment, Jacksons discovered that the land had been filled with improper fill. Jacksons incurred costs of $30,000 to remove the fill and replace it with clean fill.

Jacksons filed a three count complaint against Jordan. In Count I, Jacksons alleged that they were third-party beneficiaries to the contract between Jordan and the City of Indianapolis, and therefore entitled to relief for Jordan's alleged breach of that contract. In Count II, Jacksons alleged that Robert Jordan, president of Jordan, falsely represented to Jacksons that the fill used at the site was clean fill, and that they relied upon this representation to their detriment. In Count III, Jacksons alleged that Jordan negligently filled the site in violation of City ordinances, resulting in damage to them.

Jordan moved for summary judgment. After a hearing, the trial court granted summary judgment in favor of Jordan on Count I of the complaint, and denied Jordan's motion for summary judgment as to Counts II and III. Jordan appeals.[1]

### Discussion and Decision

Upon review of a grant of summary judgment, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778. On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh. denied, trans. denied.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Indiana Republican State Comm. v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981, *trans. denied.*

### Count II

Jacksons' second count against Jordan sounded in fraud. To recover on a theory of fraud, a plaintiff must establish: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of. *Lawyers Title Ins. Corp. v. Pokraka* (1992), Ind., 595 N.E.2d 244, *reh. denied.*

Jordan contends Jacksons did not designate to the trial court that a genuine issue of material fact existed as to whether Robert Jordan had an intent to deceive Jacksons. However, as Jordan itself notes in its brief, summary judgment must be denied if the resolution thereof hinges on a state of mind. *Richter v. Klink Trucking, Inc.* (1992), Ind.App., 599 N.E.2d 223, *reh. denied, trans. denied.* Here, the determination of whether Robert Jordan had an intent to deceive when he represented to Jacksons that clean fill had been used at the site requires the resolution of a state of mind. This is a matter left for the fact-finder. The trial court appropriately denied summary judgment on this count.

### Count III

Jacksons' third count against Jordan sounded in negligence. To recover on a theory of negligence, a plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992.

In *Citizens Gas & Coke Util. v. American Econ. Ins.* (1985), Ind., 486 N.E.2d 998, 1000, our supreme court held that a contractor is not liable in negligence for property damage to third parties after the work has been accepted by the owner. In that case, Citizens Gas installed a water heater in a home which did not have a nearby

---

1. Jacksons do not cross-appeal the trial court's grant of summary judgment on Count I.

floor drain. The uniform plumbing code required that a drain exist near the water heater to disperse any water discharged through the pressure relief valve. The homeowners did not want to pay the cost of having a floor drain installed, and signed a waiver assuming all damages if the pressure relief valve failed. Citizens Gas went ahead and installed the water heater in violation of the code. The homeowners later sold the house to another couple, whose property was damaged when the valve failed. Our supreme court held that Citizens Gas was not liable to the new owners because there was no privity of contract between them.

Here, the parties are similarly situated. Like the parties in *Citizens Gas,* there is no privity between Jordan and Jacksons. Jacksons are seeking recovery for property damage for Jordan's alleged failure to comply with the Code of Indianapolis by not using clean fill at the site. In *Citizens Gas,* the plaintiff sought recovery for property damage caused by the defendant's failure to comply with the plumbing code. We see no meaningful distinction between the two cases which would require a result different from that reached by our supreme court in *Citizens Gas.* The trial court erred in denying summary judgment on this count.

Affirmed in part and reversed in part.

DARDEN, J., concurs.

BARTEAU, J., concurs in result with opinion.

BARTEAU, Judge, concurring in result with opinion.

I concur in the majority's decision as it pertains to Count II of the Jacksons' Amended Complaint, and concur in result as to the portion of the opinion concerning Count III.

Count III of the Jacksons' Amended Complaint seeks to hold Jordan Demolition liable for the costs the Jacksons incurred due to Jordan's depositing improper fill dirt on the property in violation of Indianapolis Code §§ 8–130, 8–131. The majority, relying on our Supreme Court's decision in *Citizens Gas & Coke Util. v. American Econ. Ins.* (1985), Ind., 486 N.E.2d 998, 1000, concludes that

Jordan was entitled to summary judgment on the Jacksons's negligence claim because "there is no privity between Jordan and Jacksons." Op. at 453. Indeed, our Supreme Court held in *Citizens Gas* that:

> One who ... does construction work pursuant to a contract with the owner of a building or premises which presents imminent danger to the health and safety of not only the party he contracts with but to other members of the public, can be held liable for resulting injuries even though the third party injured is not privy to the contract. It does not follow that the same exception would be applied where the risk is only that of property damage.

*Id.* at 1000–1001. I do not agree with this reasoning.

As Justice DeBruler noted in his dissenting opinion, the duty arising in *Citizens Gas* and in the case at bar is not based upon a contractual relationship or even common law. It arises instead from a public law: in *Citizens Gas* a plumbing code and in this case a city ordinance. *See id.* at 1001. Although the Jacksons alleged that Jordan breached its contract by using improper fill dirt, their negligence claim specifically alleges misconduct due to Jordan's failure to conform its work to the mandate of the Indianapolis Code. *See also, id.* at 1001. As Justice DeBruler reasoned:

> The purpose of the plumbing code is not just to protect persons like the [previous owner] who contracted with the gas company to install the water heater. The plumbing code has instead the broader goal of protecting persons such as the [subsequent purchasers] who may later use the water heater and have property in its proximity.

*Id.*

I agree with Justice DeBruler's conclusion that where liability is based upon negligence, a contract between the defendant and a previous property owner is merely incidental and the legal concept of privity is irrelevant. *Id.* The limits of the contractor's negligence liability are defined not by privity of contract, but by the class of persons the law is intended to protect. *Inland Steel v. Pequignot*

**454**

(1993), Ind.App., 608 N.E.2d 1378, 1383, *trans. denied.*

The duty in this case is created by the Indianapolis Code provisions requiring the use of clean fill dirt. One is hard-pressed to find a law that serves to protect a class of persons that spans generations in a manner such as a law that governs the care and maintenance of land. While water heaters such as the one in the *Citizens Gas* case may eventually have to be replaced, or even the house in which it was installed may be remodeled, removed or demolished, the land on which Jordan Demolition worked will remain forever. As happened in this case, it is more certain than not that ownership of the land will one day pass to another, and it is consistent that the laws governing the maintenance of land, and particularly the quality of soil that is deposited on the land, inure to the benefit of all those who may come to hold title to the property in subsequent years. Clearly, the laws governing the quality of fill dirt one may deposit on land protects current and future property owners alike, and those who act in violation of the laws may be held accountable by those whom the laws seek to protect.

For the reasons set forth above, I conclude that the Jacksons may prosecute their action in negligence against Jordan Demolition for its failure to comply with the Indianapolis Code provisions governing the quality of fill dirt deposited onto land. However, due to the deference this Court must give to the decision of our Supreme Court espoused in *Citizens Gas,* I must concur in the majority's conclusion that the Jacksons, as a matter of law, may not hold Jordan Demolition liable for property damages that resulted from Jordan's alleged negligence.