DAUGHERTY v. HERZOG.

[No. 17,536.   Filed June 10, 1896.]

NEGLIGENCE.—*Liability of Contractor to Third Party For.*—A contractor is not liable to a third party, to whom he owed no duty, who was killed by a falling building which was remodeled and reconstructed by such contractor, in a careless and negligent manner, about two years prior to the time of the disaster, and which fell, by reason of such negligent and imperfect reconstruction.

From the Tippecanoe Superior Court.   *Affirmed.*

*W. R. Wood, G. P. Haywood* and *C. E. Lake,* for appellant.

*R. P. Davidson,* for appellee.

MONKS, C. J.—While passing along a sidewalk, on Main street, in the city of Lafayette, appellant's daughter was killed by the falling of the front wall of a building, which stood upon the street line adjacent to the sidewalk. This action was brought, by appellant against appellee, to recover damages for loss of services occasioned by her death. Appellee's demurrer was sustained to each paragraph of complaint, and appellant refusing to plead further, judgment was rendered for appellee.

The facts alleged essential to the decision of the question presented are as follows:

One O'Ferrall for many years had been the owner of the three-story brick building, on the north line of Main street, which caused the accident, consisting of two ground-floor business rooms, one of which was occupied by one Lohman as a drug store. The other room becoming vacant, Lohman desired it also, and wished the two rooms thrown into one, by the removal of the partition brick wall.   To this O'Ferrall con-

sented and thereupon O'Farrell, or Lohman, or both, employed the defendant, Herzog, this appellee, who was a builder and contractor, by an independent contract, to remove the wall and remodel the building to Lohman's wishes. This work he completed and turned the building over to Lohman, who reoccupied it as a drug store from 1890 until 1892, when the disaster occurred which took the life of the appellant's daughter. It is alleged that the appellee did his work unskillfully and defectively, put in iron posts not sufficiently secured upon the under wall, and did not sufficiently fasten and tie together the iron. or steel beams resting on the tops of these posts, and in some other respects negligently did his work; and that because of this negligent and imperfect reconstruction of the building, it fell.

The only error assigned calls in question the action of the trial court in sustaining the demurrer to the complaint.

The rule is that an action for negligence will not lie unless the defendant was under some duty to the injured party at the time and place where the injury occurred which he has omitted to perform. *Evansville, etc., R. W. Co.* v. *Griffin,* 100 Ind. 221, 222, 50 Am. Rep. 783; *City of Indianapolis* v. *Emmelman,* 108 Ind. 530, 532, 58 Am. Rep. 55; *Faris* v. *Hoberg,* 134 Ind. 269, 274, 39 Am. St. Rep. 261; *Louisville, etc., R. R. Co.* v. *Treadway,* 142 Ind. 475, on page 485. See extended note in *Presbyterian Church* v. *Smith,* 26 L. R. A. 504.

If appellee failed to repair the building in conformity with his contract he was liable to respond in damages therefor to the other contracting party. But is he also liable to appellant for the injury to his daughter, sustained on account of the defective construction alleged, when neither appellant nor his daughter were parties to the contract?

Daugherty *v.* Herzog.

Appellee was not liable under the contract, for the reason that such liability could only exist between the contracting parties. If liable at all, it can only be for the violation of some duty. *Faris* v. *Hoberg, supra; Indianapolis, etc., R. W. Co.* v. *Griffin, supra;* Shearman & Redf. Neg., (4th ed.), Vol. 1, section 8.

The only person to whom appellee owed any particular duty was the one with whom he contracted. *State, ex rel.,* v. *Harris,* 89 Ind. 363, 365, 366.

Appellee was not in possession of the building, the repairs had been completed and accepted long before appellant's daughter was injured. The rule in this class of cases is thus stated in Wharton Neg. (2, ed.), section 438: "There must be causal connection between the negligence and the hurt; and such causal connection is interrupted by the interposition, between the negligence and the hurt of any independent human agency. * * * Thus, a contractor is employed by a city to build a bridge in a workmanlike manner; and after he has finished his work, and it has been accepted by the city, a traveler is hurt when passing over it by a defect caused by the contractor's negligence. Now the contractor may be liable to the city for his negligence, but he is not liable in an action on the case for damages. The reason sometimes given to sustain such conclusion is, that otherwise there would be no end to suits. But a better ground is that there is, no causal connection, as we have seen, between the traveler's hurt and the contractor's negligence. The traveler reposed no confidence in the the contractor, nor did the contractor accept any confidence from the traveler. The traveler, no doubt, reposed confidence on the city that it would have its bridges and highways in good order; but between the contractor and the traveler intervened the city, an in-

dependent responsible agent, breaking the causal connection."

In *Winterbottom* v. *Wright*, 10 M. & W. 109, the plaintiff proved that a mail coach had been defectively constructed; that it was constructed under a contract with the postmaster-general, and that because of its defective construction plaintiff sustained an injury; and the court denied recovery upon the ground that the coachmaker owed plaintiff no duty. Lord Abinger, in the course of his opinion, said: "Unless we confine the operation of such contracts as this to the parties who entered into them, the most absurd and outrageous consequences, to which I can see no limit, would ensue." To the same effect was the statement of Justice Clifford, in *Savings Bank* v. *Ward*, 100 U. S. 195, that: "There would be no bounds to actions and litigious intricacies if the ill effects of the negligence of men may be followed down the chain of results to the final effect."

In *Losee* v. *Clute*, 51 N. Y. 494, 10 Am. Rep. 638, it was held that the manufacturer and builder of a steam boiler is only liable to the purchaser for defective materials or for any want of care or skill in its construction; and if, after delivery to and acceptance by the purchaser, and while in use by him, an explosion occurs in consequence of such defective construction to the injury of a third person, the latter has no cause of action, on account of such injury, against the manufacturer.

In *Dale* v. *Grant*, 5 Vroom (N. J. L.), 142, it was held that an action would not lie in favor of a customer against a wrongdoer who stopped the machinery of a manufactory and prevented the proprietor from performing a contract, and thereby caused loss to the plaintiff to whom the manufacturer had agreed to furnish goods. The court said: "But the law does

not attempt to give full reparation to all parties injured by a wrong committed. If this were so, all parties holding contracts, if such exist, under the plaintiffs and who have been injuriously affected by the conduct of the defendants, would be entitled to a suit. It is only the proximate injury that the law endeavors to compensate; the more remote comes under the head of *damnum absque injuria.*" The cases of *Winterbottom* v. *Wright, supra*; *Dale* v. *Grant, supra;* and *Losse* v. *Clute, supra;* were cited with approval by this court in *Hoosier Stone Co.* v. *Louisville, etc., R. W. Co.,* 131 Ind. 575; and *State* v. *Harris,* 89 Ind. 363.

It was held in *Curtin* v. *Somerset,* 140 Pa. St. 70, 23 Am. St. Rep. 220, 10 L. R. A. 322, that a contractor for the erection of a hotel building, who uses improper material in its construction, and in other respects departs from the specifications embodied in his contract, so that when the building is completed it is structurally weak and unsafe, by which an accident occurs after it is accepted and possession taken, is liable to the owner therefor, but not to a guest of the hotel, for an injury caused to him by such defective construction. The court said: "In *Thomas* v. *Winchester,* 6 N. Y. 397, 57 Am. Dec. 455, the court held a dealer in drugs and medicine, who carelessly labels a deadly poison as a harmless medicine, and sells it so labeled into market, to be liable to all persons who, without fault on their parts, are injured by using it. We think this case was correctly decided, but it has no application. The druggist owed a duty to every person to whom he sold a deadly poison, to have it properly labeled to avoid accidents. Just here the analogy between this case and the one in hand ceases. The defendant owed no duty to the

public, as before stated; his duty was to his employer.    *    *    *    *

"If the contractor who erects a house, who builds a bridge, or performs any other work; a manufacturer who constructs a boiler, a piece of machinery, or a steamship, owes a duty to the whole world, that his work or his machine or his steamship shall contain no hidden defect, it is difficult to measure the extent of his responsibility, and no prudent man would engage in such occupations upon such conditions. It is safer and wiser to confine such liabilities to the parties immediately concerned."

In *Necker* v. *Harvey*, 49 Mich. 517, the defendant manufactured and put up in the factory of a soap company an elevator, under a contract that it would lift at least two thousand pounds. The elevator fell by reason of a defective shaft, in three days after it had been put in place, and injured a workman in the employ of the soap company. The court, by Cooley, J., said: "The statement of facts so far makes out no cause of action in favor of this plaintiff. It discloses a duty on the part of the defendant to construct an elevator which would lift two thousand pounds; but the duty was to the soap company, and not to anybody else. Nothing is better settled than that an action will not lie in favor of any third party upon a breach of this duty."

There is a class of cases, however, where the law imposes a duty to third persons, independent of the contract, as in sales of dangerous goods, poisonous drugs or explosive oils.  *Thomas* v. *Winchester, supra*; *Walton* v. *Booth*, 34 La. An. 913; *Callahan* v. *Warne*, 40 Mo. 131; *Norton* v. *Sewall*, 106 Mass. 143, 8 Am. Rep. 298; *Wellington* v. *Downer, etc., Oil Co.*, 104 Mass. 64; 2 Jaggard Torts, section 261.

In this class of cases, the vendor owes a duty to the

public, for the reason that the articles sold were necessarily and inherently dangerous to human life, and did not in any manner disclose their dangerous character. The cases cited by appellant fall within this class, and are, therefore, not in point.

It is clear, we think, from the authorities, that a contractor, in a case like the one in hand, is not liable for mere negligence to a third party, to whom he owed no duty. The conclusion we have reached is also fully sustained by *Heizer* v. *Kingsland, etc., Mfg. Co.*, 110 Mo. 605, 33 Am. St. Rep. 482, 15 L. R. A. 821, and cases cited in note 424, p. 908 of 2 Jaggard Torts.

Judgment affirmed.