The COMPUTER COMPANY, INC. Appellant–Plaintiff,

v.

DAVIDSON INDUSTRIES, INC. Appellee–Defendant.

No. 41A01–9304–CV–134.

Court of Appeals of Indiana, First District.

Nov. 9, 1993.

J. Gregory Joyner, Clarksville, for appellant-plaintiff.

Raymond L. Faust, Norris, Choplin & Schroeder, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

The Computer Co., Inc. appeals from the grant of Davidson Industries, Inc.'s motion for summary judgment. The trial court granted summary judgment because of the lack of privity between the two and the lack of personal injury in the case. The Computer Company alleges this is error. We affirm.

The evidence reveals that Davidson Industries designed and manufactured roof trusses and incorporated them into a building constructed in Indianapolis, Indiana. The Computer Company was an occupant of the building by reason of a contract with a lessee of the building's owner. The roof of the building eventually collapsed; and the owner of the building brought suit against several defendants, including Davidson Industries, to recover its uninsured property damages. The Computer Company intervened in the suit to recover its own property damages. Davidson Industries eventually moved for summary judgment against the Computer Company, and the trial court granted the motion as follows:

> Due to lack of privity and lack of personal injury, the Defendant's Davidson's Motion for Summary Judgment is GRANTED.

 On review of the grant of summary judgment, we are bound by the same standard as the trial court and must consider all of the designated matter in the light most favorable to the nonmovant to determine whether a genuine issue of material fact remains for resolution by the trier of fact. *See United Farm Bureau Mutual Ins. v. Schult* (1992), Ind.App., 602 N.E.2d 173. As the movant, Davidson Industries bears the burden to show the absence of a factual issue and its entitlement to judgment as a matter of law. *Id.*

 In general, an independent contractor has a duty to use ordinary care both in its work and in the course of performance of the work. *See Rush v. Hunziker* (1940), 216 Ind. 529, 24 N.E.2d 931; *P.B. Arnold Co. v. Buchanan* (1916), 60 Ind.App. 626, 111 N.E. 204. As an exception to this recognition of liability for negligence, our supreme court has established a general rule that a contractor or repairman is not liable for negligent damages to third parties after acceptance of the work by the owner. *Citizens Gas & Coke Util. v. American Economy Ins. Co.* (1985), Ind., 486 N.E.2d 998, 1000 (citing *Daugherty v. Herzog* (1896), 145 Ind. 255, 44 N.E. 457). Thus, the contractor is not liable to third parties who have no privity with the contractor. *Id.* There is no causal connection between the third party's damage and the contractor's negligence because the owner has intervened between the two as an independent, responsible agent which has broken the causal connection. *See Daugherty*, 145 Ind. at 257–258, 44 N.E. at 457–458. *See also, Travis v. Rochester Bridge Co.* (1919), 188 Ind. 79, 122 N.E. 1.

 One of several exceptions to the exception arose in *Holland Furnace Company v. Nauracaj* (1938), 105 Ind.App. 574, 14 N.E.2d 339, *trans. denied.* Lack of privity between the contractor and the third party does not prevent liability where the work performed by the repairman or contractor was imminently dangerous to third persons, that is, to human life. *See Citizens Gas & Coke*, 486 N.E.2d at 1000. *See also, Snider v. Bob Heinlin Concrete Construction Co.* (1987), Ind.App., 506 N.E.2d 77; *Hobson v. Beck Welding and Manufacturing, Inc.* (1969), 144 Ind.App. 199, 245 N.E.2d 344; *Holland Furnace*, 105 Ind. App. 574, 14 N.E.2d 339; and *Sherman v. Miller Construction Co.* (1927), 90 Ind. App. 462, 158 N.E. 255 (for further exceptions to the notion that completion and acceptance by the owner is a barrier to liability).

The Computer Company seeks to apply this "imminently dangerous to third persons" exception to its claims for damages to its property and equipment. The Computer Company claims that lack of privity does not prevent it from recovery because, even though the Computer Company only happened to sustain property damages in this case, the damage was caused by a product or work that created an imminent danger of personal injury. The Computer

Company submitted an affidavit to the trial court from an expert who expressed his opinion that, as a result of Davidson Industries' negligence, the roof trusses were installed in such a manner as to make the roof of the office building imminently dangerous such that it created an imminent risk of injury to persons. The Computer Company states that, "[i]n this action, it was simply fortuitive [sic] that no person suffered personal injury by reason of the roof collapse." The Computer Company contends that the question was for the jury, not for the trial court on summary judgment, whether the product was designed or manufactured in a manner which was dangerously defective, inherently dangerous, and imminently dangerous such that it created a risk of imminent personal injury.

In *Citizens Gas & Coke*, the court stated that the Court of Appeals had sought to extend the abolition of privity where the negligence of the contractor created an imminent danger of property damage only. *Citizens Gas & Coke*, 486 N.E.2d at 1000. In that case, a valve on an installed water heater had malfunctioned and flooded a single story, concrete slab residence of subsequent owners and the damages sought for recovery had included the loss which had been sustained from the property and structural damage and relocation and living expenses which had been incurred during repair and replacement. *See id.* at 999. In its opinion on transfer, our supreme court discussed several cases and stated:

> The reasoning behind all of these cases that has created the exception to the general requirement of privity is apparent and is based on humanitarian principles. One who sells a product or does construction work pursuant to a contract with the owner of a building or premises which presents imminent danger to the health and safety of not only the party he contracts with but to other members of the public, can be held liable for resulting injuries even though the third party injured is not privy to the contract. It does not follow that the same excep-

tion would be applied where the risk is only that of property damage.

\* \* \* \* \* \*

Notwithstanding this "risk is only that of property damage" language, the court continued:

\* \* \* \* \* \*

> ... the existing exception, abolishing privity where personal injuries are concerned is based upon humanitarian principles. No such humanitarian principle exists for the recovery of loss of property ... We see no reason to extend the exception to the privity rule any further in this case or others not involving personal injury ...

*Id.* at 1000–1001.

■ The present case involves injury to personal property, not to persons, and is, therefore, a case "not involving personal injury" to which the exception to the privity requirement does not extend. Nonetheless, Davidson Industries, as the movant, bears the burden to show its entitlement to judgment as a matter of law. *United Farm Bureau*, 602 N.E.2d 173. We therefore will discuss whether privity between the contractor and the third party is still a viable requirement as an exception to the general recognition of liability for negligence. If we decide, as a matter of law, that it is not, then Davidson Industries has not met the burden.

*Daugherty*, 145 Ind. 255, 44 N.E. 457, the case which first recognized Indiana's lack-of-privity exception to the general rule of liability, cited *Winterbottom v. Wright*, 10 M. & W. 109 [ (1842), 11 L.J.Ex. 415, 152 Eng.Rep. 402], and cases of like reasoning, as precedent. 145 Ind. at 258, 44 N.E. at 458. *Winterbottom v. Wright* has been severely criticized as not supportive of the general proposition for which it had come to be cited, that is, that privity is required in tort. *See* Prosser & Keeton, *The Law of Torts*, § 96, p. 681 (5th ed. 1984) (*Winterbottom v. Wright* described as a fishbone in the throat of the law); 1 Frumer & Friedman, *Products Liability*, § 2.01[1]; Bohlen, *Landlord and Tenant*, 35 Harv. L.Rev. 633, 660–661 (1922). As a result, in

the area of manufacturers' liability, the opinion of Cardozo, J., eventually stripped *Winterbottom v. Wright* of its rank in *MacPherson v. Buick Motor Co.* (1916), 217 N.Y. 382, 111 N.E. 1050. Over the years, the courts had provided so many exceptions to the privity requirement in negligence that, in *MacPherson v. Buick*, the exceptions eventually swallowed up the rule. *See J.I. Case Co. v. Sandefur* (1964), 245 Ind. 213, 197 N.E.2d 519; Prosser, § 104A, p. 723; 1 Frumer, § 2.02[1], p. 2–28, n. 2. In fact, the House of Lords cited *MacPherson v. Buick* when it overruled *Winterbottom v. Wright. Donoghue v. Stevenson* (1932), A.C. 562, 598–599, 617–618. Our supreme court also accepted the reasoning of *MacPherson v. Buick* in the area of manufacturers' liability for negligence. *J.I. Case Co.*, 245 Ind. 213, 197 N.E.2d 519. The privity requirement for which *Winterbottom v. Wright* has been cited, however, has died a much slower death in the area of independent contractors. *See* Prosser, § 104A, p. 722; 1 Frumer, § 2.02[2], p. 2–66. *See also, Hiatt v. Brown* (1981), Ind.App., 422 N.E.2d 736; and *Travis*, 188 Ind. 79, 122 N.E. 1 (short discussion of the distinction between manufacturer and independent contractor).

The Restatement (Second) of Torts, in Sections 385, 395, 403, 404, does not follow the dicta of *Winterbottom v. Wright* in the area of independent contractors; and this Court has questioned the continued adherence to the exception. *See Hobson v. Beck Welding and Manufacturing, Inc.* (1969), 144 Ind.App. 199, 245 N.E.2d 344, *trans. denied* (concurring opinion of Sharp, J.). *See also, Hiatt*, 422 N.E.2d 736. The modern trend is to hold contractors to a general standard of reasonable care even after acceptance of the work. *See* Prosser, § 104A, p. 723; 1 Frumer, § 2.02[2], p. 2–69; 41 Am.Jur.2d, *Independent Contractors* § 50, p. 823–824 (2nd ed. 1968). *See also*, Annotation, *Negligence of Building Construction Contractor a Ground of Liability Upon His Part for Injury or Damage to Third Person Occurring After Completion and Acceptance of the Work*, 58 A.L.R.2d 865 (1958); Recent Cases, *Negligence, Building Contractor's Liability:*

*An Extension of MacPherson v. Buick*, 24 Ind.L.J. 286 (1949).

As this case appears before this Court today, the relationship between contractor Davidson Industries and third party Computer Company, the reasonable foreseeability of harm which occurred, and the concerns of public policy, *see generally, Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, all appear to favor the realization of liability for negligence despite the lack of privity. If a contractor provides work and supplies for the construction of a building, nothing is more foreseeable than that people and property will be exposed to them or, if they are dangerously defective, that people and property will be injured by them. In light of this, the *Daugherty* court's statement, that there is no causal connection between the third party's damage and the contractor's negligence because the owner has intervened between the two as an independent, responsible agent which has broken the causal connection, is no longer valid. *See Daugherty*, 145 Ind. at 257–258, 44 N.E. at 457–458. Although a particular situation may pose problems with issues about proximate cause or foreseeability, the case falls well within legal causation. *See generally,* Prosser, § 96, p. 682.

Moreover, were privity no longer required in a case such as this, the lack of personal injury would not preclude recovery for damage to property. The above quoted statements from *Citizens Gas & Coke*, 486 N.E.2d at 1000–1001, appear to equate product liability in negligence with contractor liability in negligence as they relate to property damage. These statements notwithstanding, however, Indiana has long allowed plaintiffs to recover in negligence for damage by a product to their personal property. *See Moorman Manufacturing Co. v. Keller* (1933), 98 Ind.App. 607, 184 N.E. 913, *trans. denied* (negligence in the mix of an ingredient, which was poisonous when in lumps instead of as powder, in stock food sold as feed for sheep). *See also, Henry v. Dennis* (1884), 93 Ind. 452 (fish brine at business poisoned a cow which had eaten it). If Indiana allows such property damage

recovery in negligence in the area of product liability, where lack of privity is no barrier, then, were privity no longer a requirement in contractor liability for negligence, Indiana should allow property damage recovery in that area as well. In Indiana, negligence which results in injury to property gives rights to a cause of action for property damage. *See Public Service Co. of Indiana v. Dalbey* (1949), 119 Ind.App. 405, 85 N.E.2d 368. Further, inasmuch as independent contractors are generally liable for property damage where privity exists, then, were that privity requirement eliminated, the Computer Company should survive a motion for summary judgment on its claim for property damage because then only the general rule, that the independent contractor is liable for negligent damage to property, would remain. *See, e.g., Flint v. Walling Manufacturing Co. v. Beckett* (1906), 167 Ind. 491, 79 N.E. 503 (recovery for damages to barn and its contents, crops and agricultural implements stored in the barn, caused by the fall of a windmill which had been negligently constructed on the barn). *See also,* 1 Frumer, § 2.02[1], pp. 2–33, 2–59 through 2–61; 63A Am.Jur.2d, *Products Liability* § 969 (1984).

Indiana law appears to have once followed this course. *Holland Furnace,* 105 Ind.App. 574, 14 N.E.2d 339, which our supreme court cited with approval in *Citizens Gas & Coke,* 486 N.E.2d at 1000, appears to support the Computer Company's claim. The *Holland Furnace* court allowed the owner of the building in question to recover for damage to her property without a showing of personal injury. To the same effect is *Peru Heating Co. v. Lenhart* (1911), 48 Ind.App. 319, 95 N.E. 680, which *Holland Furnace* cites as authority.

■ This discussion notwithstanding, this Court is obliged to follow precedents established by the Supreme Court of Indiana. *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, *trans. denied.* When the Supreme Court has once decided a question of law, the decision is not only binding on the inferior courts but binding on the Supreme Court until the case is overruled. *Cohoon v. Fisher* (1896), 146 Ind. 583, 44 N.E. 664, *on rehearing,* (1897), 146 Ind. 583, 45 N.E. 787. Those decisions are binding until changed either by a subsequent Supreme Court decision or by legislative enactment. *See Miller v. Sparks* (1963), 136 Ind.App. 148, 189 N.E.2d 720. This is true regardless of any shortcomings which might appear in the case. *Genda v. Hall* (1959), 129 Ind.App. 643, 154 N.E.2d 527.

Indiana law currently favors limited liability in this area. The intricacies of an elimination of the privity requirement in a case such as this are not for us, as we may not overrule our supreme court's precedent.

Judgment affirmed.

NAJAM and BARTEAU, JJ., concur.