**HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation, individually and as a representative class member of Industrial Risk Insurers, an unincorporated association, et al., Plaintiffs,**

v.

**PURE AIR ON THE LAKE LIMITED PARTNERSHIP, a Delaware limited partnership of Air Products and Chemicals, Inc., a Delaware corporation, et al., Defendants.**

No. 2:93–CV–46.

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 9, 1994.

---

See also 154 F.R.D. 202.

Terrance L. Smith, Smith and Debonis, East Chicago, IN, James J. Knibbs, Thomas A. McDonald, Celeste A. Hill, Clausen Miller Gorman Caffrey and Witous, Chicago, IL, Kevin K. McQuillan, Clausen Miller Gorman Caffrey and Witous, Chicago, IL, for Hartford Fire Ins. Co.

James W. Riley, Jr., Laura S. Reed, Mary K. Reeder, Riley Bennett and Egloff, Indianapolis, IN, Mark E. Schmidtke, Hoeppner Wagner and Evans, Valparaiso, IN, for Pure Air on the Lake Ltd. Partnership, Pure Air.

Daniel W. Glavin, Melanie M. Dunajeski, Beckman Kelly and Smith, Hammond, IN, A. Stephens Clay, Roderick C. Dennehy, Jr., Kilpatrick and Cody, Atlanta, GA, William Long, Atlanta, GA, for United Engineers & Constructors, Inc. (Stearns Rogers Div.), United Engineers and Constructors, Inc. (Chicago Div.).

Paul B. Poracky, Spangler Jennings and Dougherty, P.C., Merrillville, IN, Leonard E. Eilbacher, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, Samuel J. Bernardi, Jr., Spangler Jennings and Dougherty, P.C., Valparaiso, IN, Joel J. Sprayregen, Clifford E. Yuknis, Eric A. Freeland, Shefsky and Froelich Ltd., Chicago, IL, for Hunter Corp.

Harold Abrahamson, Michael C. Adley, Abrahamson Reed and Adley, Hammond, IN, C. Roy Peterson, Richard F. Johnson, Kevin C. McCabe, Lord Bissell and Brook, Chicago, IL, for Thatcher Engineering Corp., Pile Dyne, Inc.

James W. Riley, Jr., Laura S. Reed, Riley Bennett and Egloff, Indianapolis, IN, for Pure Air on the Lake (I), Inc., (I), Pure Air on the Lake (II), Inc., (II), Pure Air on the Lake (III), Inc., (III), Pure Air on the Lake (IV), Inc., (IV), First Air Partners, L.P., Pure Air Holdings Corp., Air Products and Chemicals, Inc., Mitsubishi Heavy Industries America, Inc.

John W. Van Buskirk, Robert D. Maas, Richard B. Kaufman, Stark Doninger and Smith, Indianapolis, IN, for American Testing & Engineering Corp.

James H. Pankow, Jones Obenchain Ford Pankow and Lewis, South Bend, IN, Steven P. Handler, Stewart W. Karge, Samuel G. Harrod, McDermott Will and Emery, Chicago, IL, for Sargent & Lundy.

Peter C. Bomberger, Friedrich Bomberger Tweedle and Blackmun, P.C., Highland, IN, Mark E. Christensen, R. Kevin Belt, Christensen and Ehert, Chicago, IL, for Chicago Underwater, Inc.

Joseph Stalmack, Galvin Stalmack and Kirschner, Hammond, IN, Roger B. Harris, James K. Thurston, Altheimer and Gray, Chicago, IL, for Edward Gray Corp.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant Hunter Corporation's (hereinafter: "Hunter") Motion for Summary Judgment filed against plaintiffs, Hartford Fire Insurance Company and others (hereinafter: "Hartford Fire"). The Motion has been fully briefed and the court conducted a hearing on this matter on July 26, 1994. Therefore, the issue is ripe for decision. For the following reasons, Hunter's Motion for Summary Judgment is denied.

## DISCUSSION

### Standard for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, Rule 56(c) is not a require-

ment that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir.1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.*, 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105

(7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

So that the district court may readily determine whether there are genuine issues of material fact, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends there is no genuine issue. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record all material facts to which the non-movant contends there exists a genuine issue necessary to be litigated. *See, Waldridge v. American Hoechst Corp. et al.*, 24 F.3d 918 (7th Cir.1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 477 U.S. at 249–251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A

summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252, 106 S.Ct. at 2512. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir.1983).

### Factual background

This cause of action arises out of the collapse of two underground circulating water pipes on July 2, 1991, at Northern Indiana Public Service Company's (hereinafter: "NIPSCO") Bailly power generating station. As a result of the collapse of the pipes, NIPSCO's property insurers, plaintiffs, paid NIPSCO in excess of $47 million dollars for property damage NIPSCO sustained. There were no personal injuries due to the collapse of the pipes. Plaintiffs brought this action in order to recover sums they paid NIPSCO as its insurer from those third parties whose fault caused the collapse.

Prior to the date of the collapse, plaintiffs' subrogor, NIPSCO, entered into an agreement with Pure Air on the Lake Limited Partnership whereby Pure Air on the Lake Limited Partnership would construct a flue gas desulferization (hereinafter: "FGD") facility next to the Bailly station. In turn, Pure Air on the Lake Limited Partnership contracted with Pure Air, a joint venture comprised of Air Products and Chemicals, Inc. and Mitsubishi Heavy Industries America, Inc. to act as turnkey contractor for the design and construction of the FGD facility. Defendant Hunter contracted with defendant Air Products and Chemicals, Inc. for work on the FGD facility. At the time of the collapse on July 2, 1991, Hunter was performing work on the construction of the FGD facility pursuant to its subcontracts with Air Products

and Chemicals, Inc. Hence, Hunter assumed the role of an independent subcontractor.

In Count XIV of their First Amended Complaint, plaintiffs allege that as a result of Hunter's negligence the underground circulating water pipes collapsed. It is undisputed that Hunter was not a party to any contracts with plaintiffs' subrogor, NIPSCO. Hunter only contracted through Air Products and Chemicals, Inc.

### Arguments

■ The material facts are not in dispute. The real issue before the court is the correct rule of Indiana common law in this diversity action.[1] Defendant Hunter cites the rule as:

> Under Indiana law, an independent contractor is not liable to a third party for property damage resulting from defects in construction work, where, as here, the contractor was not in privity with the third party.

(Memorandum In Support of Defendant Hunter Corporation's Motion for Summary Judgment, p. 3) (citing *Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998 (Ind.1985); *Daugherty v. Herzog*, 145 Ind. 255, 44 N.E. 457 (1896); *National Steel Erection v. Hinkle*, 541 N.E.2d 288 (Ind.App.1989); *Snider v. Bob Heinlin Concrete Constr. Co.*, 506 N.E.2d 77 (Ind.App. 1987). Whereas plaintiffs cite the rule as:

> A contractor or repairman is not liable for negligent damages to third parties after acceptance of the work by an owner.

(Plaintiff's Answer Brief to Defendant Hunter Corporation's Motion for Summary Judgment, p. 7) (citing, *Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998 (Ind.1985).

Thus, the ultimate dispute between the two parties turns on whether the applicable rule of Indiana common law incorporates the idea that for an independent contractor to escape liability to a third party for property damage caused by the independent contractor's negli-

---

1. At the July 26, 1994 hearing, Hunter suggested that this court may wish to certify the legal question at issue to the Indiana Supreme Court. However, after full consideration of the issue and the facts, this court will not certify the question to the Indiana Supreme Court as the court believes the answer is readily apparent.

gence, the repairs or construction contracted for must have been completed and accepted by the other contracting party. Stated another way, the court must determine the limits of the requirement of privity before a third party may recover from an independent contractor in negligence.

In reaching its decision, the court is guided by the Indiana Supreme Court. In *Daugherty v. Herzog*, 145 Ind. 255, 44 N.E. 457 (Ind.1896), the Supreme Court of Indiana held that a person injured by the falling wall of a building, which had been negligently remodeled by an independent contractor and turned over to the owner prior to the accident, had no cause of action against the contractor. *Daugherty*, 44 N.E. at 457. The court reasoned that the contractor could only be held liable by a party to whom he owed a duty, which the court determined to be the other person with which he was in privity; the owner with which the contractor had contracted. *Id.* Thus, the court held that the contractor had no duty of care towards the injured individual. *Id.* After announcing the rule of law, the Court supported its ruling by noting that the contractor was not in possession of the building which fell and that the repairs had been completed and accepted long before the individual was injured. *Id.*

The Court then gave this example and explanation for its ruling:

> There must be some causal connection between the negligence and the hurt, and such causal connection is interrupted by the interposition between the negligence and the hurt of any independent human agency. Thus, a contractor is employed by a city to build a bridge in a workmanlike manner, and after he has finished his work, and it has been accepted by the city, a traveller is hurt, when passing over it, by a defect caused by the contractor's negligence. Now the contractor may be liable to the city for his negligence, but he is not liable in an action on the case for damages. The reason sometimes given to sustain such conclusion is that otherwise there would be no end to suits. But a better ground is that there is no causal connection, as we have seen, between the traveller's hurt and the contractor's negligence … [B]etween the contractor and the traveller intervened the city, an independent, responsible agent, breaking the causal connection.

*Id.* 145 Ind. 255, 44 N.E. at 457–458.

Therefore, under Indiana law, independent contractors are not held liable in negligence to third parties who are not in privity with the independent contractor because once the work has been accepted by the other contracting party the causal connection has been broken by the intervention of the other contracting party. The independent contractor is not held liable once the break in causation is established. Accordingly, for there to be a break in the causal connection, it is essential that the independent contractor have finished the work and have it accepted by the other contracting party, who now assumes responsibility for the construction.

Thus, the court holds that the rule of law is not applicable to Hunter on the facts of this case as there has been no break in the causal connection by the intervention of the other contracting party, Air Products and Chemicals, Inc.[2] The completion of the work and the acceptance of the work by the other contracting party is an essential element of the rule of law that an independent contractor may not be held liable in negligence for the independent contractor's work by a third party. At the time of the accident, Hunter had not completed nor turned over the construction requested to the other contracting party, and thus, no break in the causal chain was established. Therefore, under the facts

---

**2.** The requirements of privity have been abolished by the State of Indiana for products liability and contractor liability involving personal injury caused by a product or work in a condition that was dangerously defective, inherently dangerous or imminently dangerous such that it created a risk of imminent personal injury. As plaintiff has not alleged any personal injury, the first exception does not apply, and since neither party briefed either of the other exceptions, the court interprets such action as indicating that neither party asserts that those exceptions are applicable, and the court holds that those exceptions are not applicable. Furthermore, because this court holds that the rule of law is not applicable in the instant case, it need not decide any issues related to the various exceptions to the rule.

of this case, Hunter does not fall under the stated rule and is not entitled to judgment as a matter of law.

Hunter seeks to limit the rule of law in such a way so as to only present a question of contract and privity requirements without analyzing the underlying rationale of the rule. Hunter attempts to insulate itself from liability even though it was still in control or possession of the premises at the time of the accident. However, as this court just ruled *supra*, Hunter may not limit the rule of law in such a manner.

This court's analysis of *Daugherty* is supported by the most recent affirmation by the Supreme Court of Indiana of the principles announced in *Daugherty* in *Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998 (Ind.1985). In that case, a subsequent homeowner's insurer brought a subrogation action against a contractor for property damage. A hot water heater pressure release valve discharged in the home in which a drain required by the plumbing code had not been installed beneath the hot water heater per the previous owner's request. The Court stated the rule of law as follows:

> This Court established a general rule in Indiana in *Daugherty v. Herzog* (1896) 145 Ind. 255, 44 N.E. 457, that a contractor or repairman is not liable for negligent damages to third parties *after acceptance of the work by an owner.*

*Citizens Gas,* 486 N.E.2d at 1000 (emphasis added).

The Court reversed the court of appeals and held that it was error to allow plaintiff to recover damages where the negligence of the contractor created an imminent danger of property damage only.

This court notes that the rule of law, as stated by the Indiana Supreme Court in *Citizens Gas,* encompasses the idea that the work must have been accepted by the other contracting party before the independent contractor can escape liability as a matter of law. Clearly, under the facts of the present case, Hunter does not fall under the purview of the rule of law announced by the Indiana Supreme Court.

Moreover, all of the cases cited by Hunter in support of its position follow the same fact pattern as *Daugherty.* In all of the cases, the independent contractor had completed the contracted work and turned the premises or construction over to the other contracting party. Although, in some of the cases, various Indiana Courts of Appeals have stated the rule of law in a shortened version and left out the recitation "after acceptance of the work of an owner," the court finds these shortened versions to be enunciating the correct rule of law as laid down by the Supreme Court of Indiana. *See, Computer Co. v. Davidson Industries,* 623 N.E.2d 1075 (Ind. App.1993); *General Electric Co. v. Drake,* 535 N.E.2d 156 (Ind.App.1989); *Snider v. Bob Heinlin Concrete Constr. Co.,* 506 N.E.2d 77 (Ind.App.1987). After reviewing the cases cited by Hunter in support of its position that the rule of law does not incorporate the idea that the contracted work be accepted by the other contracting party, the court is not persuaded that Hunter's position is the correct statement of Indiana common law. Hunter cites selectively to various passages in the cases which would seem to support its position. However, a full and proper reading of the cases indicates that the rule of law is as this court has determined it to be. Hunter's argument is severely weakened when the cases are read in their entirety. Moreover, Hunter is unpersuasive in its argument because it fails to ever explain why the rationale behind the rule, the breaking of the causal connection, does not apply to this case. Hunter simply cites selective excerpts of the cases without an analysis as to why the underlying rationale of the rule does not apply to this case.

Finally, the court notes that its determination that Hunter does not fall under the general rule regarding contractor non-liability to third parties when the premises have been turned over to the other contracting party is further supported by another general rule of Indiana common law. An independent contractor is liable in negligence for its actions that result in injury to other persons on the premises while the contractor is in the process of furnishing the work requested by the other contracting party. *Rush v. Hunziker,* 216 Ind. 529, 24 N.E.2d

931 (Ind.1940). In *Rush,* the Indiana Supreme Court stated:

> It cannot be doubted that an independent contractor is responsible to an occupant of a building rightfully on the premises at the request or consent of the owner for any wrongful acts that may be committed by himself or his employees while the stipulated work is in progress and resulting in injuries to such occupant. The ground upon which this liability is based is the implied duty which the law casts upon the independent contractor, as the person in charge and control of the work, to see that the rights of other persons, rightfully on the premises, are not injuriously affected by the performance of the work.

*Rush,* 24 N.E.2d at 933 (citations omitted).

Thus, the reason for holding independent contractors liable in negligence for their actions that result in injury to others who are rightfully on the premises is because the independent contractor is in charge and control of the work and is in the best position to protect others from harm resulting from the work in progress. The independent contractor owes a duty to those individuals who are on the premises where the independent contractor is performing work under contract.[3]

Therefore, the general rule absolving independent contractors of liability to third parties who are not in privity with the independent contractor, *Daugherty,* is itself an exception to the general rule of holding independent contractors liable for their negligent acts. *See, Computer Co. v. Davidson Industries,* 623 N.E.2d 1075, 1076 (Ind.App.1993). In *Daugherty,* the Indiana Supreme Court recognized that once an independent contractor has finished the contracted work and it has been approved and accepted by the other contracting party, the independent contractor has relinquished control over the premises and the other contracting party has assumed the responsibility for the premises. The other contracting party is now in the best position to protect others on the premis-

es, and thus, the duty to protect those individuals correspondingly transfers as well.

In the instant case, at the time of the accident, Hunter was still performing under its contract with Air Products and Chemicals, Inc. and had not relinquished control over its aspect of the contracted work. Thus, this case is more analogous to *Rush* than to *Daugherty.* Although *Rush* is not directly on point considering no one suffered personal injury in the instant case, *Rush* reinforces the reasoning behind this court's conclusion that Hunter is not eligible for summary judgment based upon *Daugherty.*

■ Indiana law places the duty of care upon the party who is best able to protect others on the premises. Where an independent contractor is in control of the construction or premises and the independent contractor's negligence results in injury to another person on the premises, the independent contractor may be held liable under Indiana law. However, where an independent contractor has relinquished control over the construction or the premises and the independent contractor's negligence results in injury to another person on the premises, the independent contractor may not be held liable under Indiana law. The rationale behind the rules of determining who may be held liable turns, at least in part, on who is best able to protect others from injury while on the premises. The duty falls on the one who is in control of the construction or the premises.

■ Since at the time of the accident Hunter did not relinquish control over the construction for which it contracted, it still owed others on the premises a duty of care. Hunter may not escape liability under *Daugherty* as Hunter has failed to meet the critical requirement that it have the work approved and accepted by Air Products and Chemicals, Inc. and have that entity assume the duty of care for any of Hunter's possible negligent acts. There was no breaking of

---

**3.** In *Rush,* the plaintiff suffered personal injuries, and the Indiana Supreme Court does not indicate whether plaintiff suffered any property damage. However, the Court made no distinction between personal injury and injury to property in

its discussion of negligence principles. Thus, this court shall not make any such distinction. Therefore, when this court speaks in terms of "injury," such injury includes property damage.

the causal connection, and thus, Hunter still owed others on the premises a duty of care.

The facts and the underlying rationale of the various decisions, *supra*, support the *Daugherty* rule of law which includes the requirement that the independent contractor have turned over the premises to the other contracting party in order for the independent contractor to escape liability to a third party for the independent contractor's negligence. Because Hunter had not yet turned over the premises to the other contracting party at the time of the collapse, there was no intervening party breaking the casual connection, and thus, the underlying rationale supporting Indiana's rule of law of not holding independent contractors liable to third parties in negligence does not apply to the facts of this case.

### CONCLUSION

For all of the foregoing reasons, defendant's Motion for Summary Judgment filed on March 22, 1994 is DENIED.