Jon Jeffery HORINE and Carla Kim Horine, Appellants–Plaintiffs,

v.

HOMES BY DAVE THOMPSON, LLC, and Anthony Builders, Inc., Appellees–Defendants.

No. 29A02–0412–CV–1022.

Court of Appeals of Indiana.

July 29, 2005.

Publication Ordered Sept. 14, 2005.

W.F. Conour, Jessica L. Burks, Conour Law Firm LLC, Indianapolis, for Appellants.

Randall A. Lakey, Smith & Wade, Carmel, for Appellee Anthony Builders, Inc.

## OPINION

CRONE, Judge.

### Case Summary

Jon Jeffery Horine ("Jon") and Carla Kim Horine appeal the trial court's grant of summary judgment in favor of Anthony Builders, Inc. ("Anthony"). We reverse and remand.

### Issue

We consolidate and restate the Horines' issues as whether the trial court erred in granting summary judgment.

### Facts and Procedural History

The facts most favorable to the Horines, the non-moving party, indicate that Homes by Dave Thompson, LLC ("Thompson"), was the general contractor for the construction of a two-story home in Noblesville. Thompson subcontracted with Anthony for framing and installing windows, installing the exterior trim, and installing black roofing paper on the plywood roof decking of the home. Thompson also subcontracted with Reister Fireplaces a/k/a Indiana Fireplace Systems ("Reister") for fireplace installation. Jon was a Reister employee.

At approximately 4:00 p.m. on September 13, 2000, Jon arrived at the construction site to install flashing around the chimney chase on the back side of the roof. Jon noticed that the black roofing paper on the front side of the roof had blown off. Roofing paper was stapled onto the peak and had been placed on (but not stapled

onto) the back side of the roof.[1] Jon climbed a ladder on the front side of the house and walked to the roof peak on the plywood decking. On the back side of the roof, Jon stepped on horizontal two-by-four-inch toe boards as he nailed flashing to the left and bottom sides of the chimney chase. Upon reaching the right side of the chimney, Jon noticed a four-foot gap between the toe boards on that side. Jon stepped onto the roofing paper to move up to the next toe board. The loose roofing paper slipped, and Jon fell and was injured.

The Horines filed suit against Thompson and Anthony. On September 5, 2003, Anthony filed a motion for summary judgment. The Horines filed a response. On January 21, 2004, the court entered the following order:

The undisputed evidence shown at the summary judgment hearing shows that the Plaintiff, an experienced contractor, was attempting to work on "flashing" around the chimney of the property then under construction. Despite the fact that the Plaintiff Jon Horine knew or should have known that "support strips" or "steps" should be affixed to the roof decking, the Plaintiff went forward with his work even though the necessary safety measures had not been completed. Plaintiff argues that the Defendant(s) failed to adequately nail or staple down the underlayment for the roofing. While this may in fact be true, the Plaintiff did notice that the safety measures were not completed as called for, the Plaintiff continued to move about the roof and chimney to complete his work without the safety precautions. His actions showed that he also failed to take the necessary measures for his own protection. Because of his experience as a contractor, the Plaintiff either in fact did know or should have known the danger he was placing himself in by continuing to work without the safety measures. Had the Plaintiff acted properly and either affixed the safety measures to the roof decking himself or asked the Defendant's [sic] to do so for him before attempted [sic] to complete his work, his injuries could have been avoided. Summary judgment is granted for the Defendant(s).

Appellants' App. at 8–9. The Horines filed a motion to reconsider, which the trial court denied. On November 10, 2004, the Horines filed a motion to certify the order on summary judgment in favor of Anthony as a final judgment pursuant to Indiana Trial Rule 56(C).[2] On November 16, 2004, the trial court granted the Horines' motion. This appeal ensued.

## Discussion and Decision

Our standard of review is well settled:

---

1. Anthony claims that "[t]he black felt paper Anthony installed blew off and [Thompson] hired another contractor to re-install the paper which [Jon] stepped on." Appellee's Br. at 4 (citing Appellant's App. at 128). The portion of Jon's deposition testimony to which Anthony cites reads in relevant part: "It had blowed off, and they had someone else get up there and tack it on. That's all I know about that." Appellant's App. at 128. This excerpt falls short of establishing that another contractor, as opposed to another Anthony employee, reinstalled the roofing paper at issue.

2. The Horines' motion states that the trial court's "[o]rder on summary judgment was rendered with respect to less than all parties in the case, but is dispositive of the claims against Defendant Anthony Builders, Inc." Appellant's App. at 168. The trial court did not indicate otherwise in its order granting the motion. Therefore, we presume that the term "Defendant(s)" in the trial court's summary judgment order refers only to Anthony. We note that Thompson did not file a motion for summary judgment and did not file a brief in this appeal.

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. On review of a trial court's decision to grant or deny summary judgment, this Court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court.

A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the nonmoving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. The court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party. For a defendant in a negligence action to prevail on a motion for summary judgment, the defendant must show that the undisputed material facts negate at least one of the elements essential to the negligence claim, or that the claim is barred by an affirmative defense. On appeal, we will assess the trial court's decision to ensure that the parties were not improperly denied their day in court. A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed materi-al facts are capable of supporting conflicting inferences on such an issue.

*Coffman v. PSI Energy, Inc.*, 815 N.E.2d 522, 526 (Ind.Ct.App.2004) (citations omitted), *trans. denied* (2005).

To recover under a theory of negligence, a plaintiff must establish these elements: "(1) defendant's duty to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the standard of care, and (3) an injury to the plaintiff proximately caused by the breach." *Estate of Heck ex rel. Heck v. Stoffer*, 786 N.E.2d 265, 268 (Ind. 2003). "[S]ummary judgment is generally inappropriate in negligence cases because issues of contributory negligence, causation, and reasonable care are more appropriately left for the trier of fact." *Coffman*, 815 N.E.2d at 527.

"Absent a duty, there can be no breach, and therefore, no negligence." *Helton v. Harbrecht*, 701 N.E.2d 1265, 1267 (Ind.Ct.App.1998), *trans. denied* (1999). "Generally, whether a duty exists is a question of law for the court to decide. Sometimes, however, the existence of a duty depends upon underlying facts that require resolution by the trier of fact." *Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind.2004) (citation omitted). "Courts will generally find a duty where reasonable persons would recognize and agree that a duty exists." *Guy's Concrete, Inc. v. Crawford*, 793 N.E.2d 288, 293 (Ind.Ct. App.2003), *trans. denied.* The trial court apparently presumed, but did not specifically determine, that Anthony owed a duty to Horine as Reister's employee. Anthony claims that it did not, asserting that Thompson "controlled the premises and the performances of each party's job" and that "each party was responsible for their own safety." Appellee's Br. at 17. The

Horines respond that Anthony "owed a duty of reasonable care to ensure the black roofing paper was tacked down properly to avoid injury, and this duty was owed to reasonably foreseeable persons who would be working on the roof." Appellants' Br. at 23.

We agree with the Horines. This Court has stated that, "in general, a contractor has a duty to use ordinary care both in its work and in the course of performance of the work." *Guy's Concrete,* 793 N.E.2d at 295 (footnote omitted). " 'Where an independent contractor is in control of the construction or premises and the independent contractor's negligence results in injury to another person on the premises, the independent contractor may be held liable under Indiana law.' " *Id.* (quoting *Hartford Fire Ins. Co. v. Pure Air on the Lake, L.P.,* 859 F.Supp. 1189, 1196 (N.D.Ind.1994)) (alteration in *Guy's Concrete* omitted). In determining whether Anthony owed a duty to Jon, we must determine (1) whether Anthony was performing work and in control of the construction or premises, and (2) whether Jon was rightfully on the premises. *Id.*[3]

With respect to the second factor, it is undisputed that Jon was rightfully on the premises. Regarding the first, the issue is not whether Anthony "had complete authority over the construction site or authority to limit persons from visiting the site." *Id.* Rather, the issue is more appropriately framed as whether Anthony had control over the construction alleged to be the cause of the injuries at issue, namely the roofing paper that slipped

when Jon stepped on it. *See id.* Anthony asserts that it had finished installing the windows and roofing paper before Jon arrived at the jobsite and that the "work was open to the elements and subject to the hazards created by the wind." Appellee's Br. at 18. The fact remains, however, that it was not the wind, but rather Anthony's alleged failure to staple the roofing paper to the plywood decking, that caused the paper to slip when Jon stepped on it. Anthony has designated no evidence indicating how long it had been away from the premises, let alone that it had completed its work on the premises (such as installing the exterior trim) under its contract with Thompson. At the very least, a factual question exists as to whether Anthony was in control of the construction, and thus summary judgment would be inappropriate as to the existence of a duty to Jon.

As for whether Anthony failed to conform its conduct to the standard of care by not properly stapling the roofing paper to the plywood decking, Anthony's owner acknowledged that roofing paper must be installed with some kind of mechanical fastener and that "[i]f it's not stapled, there's something wrong with it[.]" Appellant's App. at 180 (David Leonard deposition). The question then becomes whether and to what extent Jon's injuries were proximately caused by Anthony's breach.

Under standard negligence doctrine, in order for a defendant to be liable for a plaintiff's injury, the defendant's act or omission must be deemed to be a proximate cause of that injury. Proximate

---

**3.** As happened in *Guy's Concrete,* 793 N.E.2d 288, both parties address the duty issue by using the three-part analysis enunciated by our supreme court in *Webb v. Jarvis,* 575 N.E.2d 992 (Ind.1991). That analysis involves balancing "(1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3)

public policy concerns[.]" *Guy's Concrete,* 793 N.E.2d at 294 n. 4 (citing *Webb,* 575 N.E.2d at 995). "[I]t is unnecessary for us to perform the *Webb* analysis because our supreme court and this court have already held that contractors performing work owe a duty to third persons rightfully on the construction premises." *Id.*

cause in Indiana negligence law has two aspects. The first-causation in fact-is a factual inquiry for the jury. If the injury would not have occurred without the defendant's negligent act or omission, there is causation in fact. A second component of proximate cause is the scope of liability. That issue, which is also for the trier of fact, turns largely on whether the injury is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated. Under this doctrine, liability may not be imposed on an original negligent actor who sets into motion a chain of events if the ultimate injury was not reasonably foreseeable as the natural and probable consequence of the act or omission. Under comparative fault, the trier of fact can allocate fault to multiple contributing factors based on their relative factual causation, relative culpability, or some combination of both. *City of Gary ex rel. King v. Smith & Wesson Corp.*, 801 N.E.2d 1222, 1243–44 (Ind.2003) (citations and quotation marks omitted).

Anthony points to Jon's extensive experience in installing roofing paper, the steep pitch of the roof, and his knowledge of the necessity of using toe boards in such situations and asserts that his "fall was the natural and probable consequence of his act of stepping off the secured toe board and onto the non-walking black felt paper and should have been reasonably foreseen and anticipated by him in light of the circumstances." Appellee's Br. at 12. This assertion, however, begs the question of whether Jon's actions were the sole proximate cause of his injuries. *See City*

*of Indpls. Housing Auth. v. Pippin*, 726 N.E.2d 341, 346 (Ind.Ct.App.2000) ("There may be more than one proximate cause of an event.").

■ "The Comparative Fault Act modifies the common law rule of contributory negligence which precluded a victim from recovering damages if the victim was even slightly negligent. The Act permits a jury to allocate fault among parties." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 911 (Ind.2001) (citation omitted). "Where the Comparative Fault Act applies, it operates to diminish a claimant's recovery by the amount of the claimant's contributory fault, and bars recovery altogether in situations where the claimant's contributory fault is found to be greater than the fault of all other persons whose fault proximately contributed to the claimant's damages." *Smith v. Baxter*, 796 N.E.2d 242, 244–45 (Ind.2003) (citing Ind. Code § 34–51–2–6(a)). Fault apportionment under the Comparative Fault Act is uniquely a question of fact to be decided by a jury, unless there is no evidentiary dispute and the factfinder is able to come to only one logical conclusion. *See City of Crawfordsville v. Price*, 778 N.E.2d 459, 463 (Ind.Ct.App.2002).

■ We are unable to reach such a conclusion here. Based on the designated evidence before us, we cannot say as a matter of law that Jon's contributory fault, if any, in stepping on the roofing paper to reach the next toe board is greater than Anthony's (and Thompson's) fault in failing to staple the paper to the plywood decking.[4] A jury must determine whether and

4. We are unpersuaded by Anthony's reliance on *Coffman*, 815 N.E.2d 522, in urging the opposite conclusion. In that case, we determined that the plaintiff "was simply not paying attention, not looking and not thinking," when he hit power lines with a tarp affixed to

his trailer, noting that he "understood the risk and had actual knowledge of the presence and location of the power lines" and that "he even had a prior experience with a mishap similar to what occurred" when he was injured. *Id.* at 529. Here, although Jon knew

to what extent Jon, Anthony, and Thompson contributed to Jon's damages and whether Jon's injury was reasonably foreseeable. We therefore reverse the trial court's grant of summary judgment and remand for further proceedings.

Reversed and remanded.

DARDEN, J., and MATHIAS, J., concur.

### ORDER

This Court having heretofore handed down its opinion on July 29, 2005 reversing and remanding, which opinion was marked Memorandum Decision, Not for Publication.

Comes now the Appellant Jon Jeffery Horine, by counsel, and files herein Motion to Publish, moving the Court to publish its opinion in this case, alleging that the case clarifies a rule of law regarding the duty of one subcontractor to another subcontractor's employees at a jobsite. Said Appellant further alleges that the ruling in this case clarifies other rulings regarding the degree and extent of the control which a subcontractor needs to exercise to create a duty to other subcontractor's employees lawfully on the site.

The Court having examined said Motion to Publish, having reviewed its opinion in this case and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED that the Motion to Publish opinion is GRANTED, and this Court's opinion heretofore handed down in this case on July 29, 2005, marked Memorandum Decision, Not for Publication, is now ordered PUBLISHED.

All Panel Judges Concur.

---

of the dangers of walking on roofing paper on a steeply pitched roof, a jury could find that it was reasonable for Jon to conclude that the paper in question had been securely fastened to the plywood decking and that it would not slide if he stepped on it to reach the next toe board.